John C. WEBB and Helen H. Webb,
Appellants,

v.

UNITED STATES of America,
Appellee.

No. 7658.

United States Court of Appeals
Fourth Circuit.

Argued June 12, 1958.

Decided June 30, 1958.

Keith L. Seegmiller, Gaithersburg, Md. (Cecil E. Custer, Gaithersburg, Md., and Irving Wilner, Washington, D. C., on brief), for appellants.

Martin A. Ferris, III, Asst. U. S. Atty., Baltimore, Md. (Leon H. A. Pierson, U. S. Atty. and John C. Gianakos, Asst. U. S. Atty., Baltimore, Md., on brief), for appellee.

Before SOPER and HAYNSWORTH, Circuit Judges, and BARKSDALE, District Judge.

PER CURIAM.

This appeal is taken from an order of the District Court overruling a motion for new trial in a condemnation suit brought by the United States for the condemnation in 1955 of a tract of land in Montgomery County, Maryland, belonging to John C. Webb and Helen H. Webb, his wife, the appellants. The land which was taken by the United States comprised approximately 23 acres of a tract of 200 acres that had been acquired by the property owners in 1949. Each side produced expert witnesses who differed widely in their valuations. The witnesses for the United States valued the entire tract at $56,000 to $60,000 and the value of the portion taken at $8,500 to $10,-000. The witnesses for the property owners valued the entire tract at approximately $91,000 and the value of the property taken at $41,350 to $43,000. The jury found a verdict for the property owners in the sum of $14,000. They made a motion for new trial, which was overruled. They now contend that the District Judge abused his discretion in overruling the motion, which was based on two grounds: First, that the attorney for the Government improperly mingled

with the jury during the course of the trial and, second, that improper references were made during the trial to the price paid for the property by the appellants in 1949.

■ After opening statements to the jury were made by the attorneys for the parties in the case, the jury was sent in a body to view the property accompanied by Deputy Marshals. It was arranged that they were to be accompanied by the lawyers on both sides. The judge announced that the property owners or their lawyers might accompany the jury and point out the lines of the property but that nobody was to say anything to them about the value of the land. Accordingly, the jury, with court officials and the attorney for the Government, rode in a bus from the court house in Baltimore to the property in the county, but by reason of some misunderstanding the attorneys for the property owners failed to appear at the appointed time and consequently did not ride with the jury in the bus. They, however, proceeded to the property by separate conveyance and there met the jury. When the tour of inspection had ended attorneys for the property owners were offered an opportunity to return to Baltimore in the bus with the jury but they found it more convenient to decline as they could reach their homes more directly than by coming to the city. Under these circumstances, there is no substantial ground for complaining of the conduct of the attorney for the United States, or in assuming that he in any way misused the opportunity to confer with the jury in the absence of the attorneys for the opposing side. There is no evidence of any impropriety on his part.

■ The second ground on which the motion for new trial is based is likewise untenable. It is based upon the fact that the jury learned from certain statements of the attorney for the United States that the property owners had acquired their entire tract of land of approximately 200 acres in 1949 for the sum of $23,-000. It is urged that these statements were prejudicial in view of the fact that the property was not taken by the United States until 1955 and that in the meantime the property had greatly increased in value. An examination of the record, however, convinces us that the property owners suffered no harm in this respect. The first mention of the purchase price was made by the attorney for the United States in his opening statement. It was objected to as too remote in point of time but the judge declined to rule upon its relevancy until the evidence was taken. It was referred to a second time during the examination of one of the expert witnesses for the Government but upon objection by the attorney for the property owners the evidence was stricken out by the court without objection from the United States. Subsequently, in his concluding argument, the attorney for the United States explained that he had referred to the purchase price to enable the appraisers to consider the increases in the value of land in the area and that the Government did not contend that the property was worth only $23,000 and had in fact offered two expert witnesses who had testified that the property was worth $56,000 to $60,000 at the time of the taking in 1955. No objection to this statement was made by the attorney for the property owners.

It is obvious, under these circumstances, that no harm was done to the property owners by the references to the price which they had paid for the property when they acquired it. At no time did they move the court to declare a mistrial on the ground that the mention of the purchase price was prejudicial, nor did they take any exceptions whatsoever to the judge's charge to the jury, which made a fair résumé of the evidence and left to the jury to decide whether the land that was taken should be valued as agricultural land or land subject to subdivision and development for residential purposes. We find no justification for the contention that the judge abused his discretion in overruling the motion for a new trial.

Affirmed.