**Margaret Wright SMITH**

v.

**R. R. ALLEN, II.**

**Civ. A. No. 3060.**

United States District Court
E. D. Virginia,
Norfolk Division.

Dec. 19, 1962.

William N. Stovall, Thomas L. Woodward, Suffolk, Va., for plaintiff.

Spencer G. Gill, Jr., Norfolk, Va., for defendant.

MICHIE, District Judge.

This case was tried before a jury which returned a verdict in favor of the defendant and judgment was duly entered thereon.

Later the plaintiff filed a motion to set aside the verdict and judgment and to grant a new trial on the ground that Dan Boyce, one of the witnesses for the defendant, "was by agreement paid $50.00 per day for his attendance and testimony on behalf of defendant, he not being an expert * * *."

Counsel for the defendant filed an affidavit in which he stated that Mr. Boyce had inquired as to the length of time that he would be required to be present during the trial and had been advised by counsel that he should plan to be in court the entire day and that he would be reimbursed for any loss to him from such attendance. At the conclusion of the trial, counsel for the defendant asked Boyce what his financial loss from attending the trial had been and Boyce stated that, as an independent plumbing contractor, he estimated that he would have to gross $50.00 per working day in order to come out whole. Counsel then mailed Boyce a check for $50.00.

Counsel for the plaintiff rely upon the well-settled doctrine that a contract to pay a witness for testifying in excess of the prescribed statutory fee is contrary to public policy and therefore unenforceable. And from this they argue that a verdict which has been rendered after the jury heard testimony from such a witness should be set aside. Neither counsel nor the court have been able to find any case in which the precise point has been raised.

Counsel for the defendant have cited a number of cases holding such a contract to be unenforceable. One of the leading cases is the Fourth Circuit case of Alexander v. Watson, 128 F.2d 627.

However, it does not follow that, because a contract between a party and a witness, under which the witness is to be paid for testifying, is illegal and unenforceable, the verdict rendered in a trial in which such testimony has been heard should be set aside and a new trial granted.

The case most nearly in point which we have found appears to be Wibaux Realty Co. v. Northern Pacific Railway Co., 101 Mont. 126, 54 P.2d 1175, in which the court said:

"In one instance it is alleged in an affidavit presented by the plaintiffs, and admitted by counsel for the defendant, that one witness was paid more for his services than the law provides. This payment in the sum of $40 was not made, however, until after these actions were tried, the verdicts returned, and the judgments entered, and it is clearly set out by affidavit of the witness that it was to reimburse that witness for extraordinary expenses necessary for him to incur in order to be at hand and give his testimony. The payment of witnesses by litigants of any amount in excess of what the law provides should be scrutinized critically in every instance and is not to be encouraged; but where, as here, the money is paid after the trial without any prior promise and particularly in this instance where the testimony that the particular witness gave was simply cumulative on questions that had been testified to by numerous other witnesses, we do not think it is of such irregularity and importance as to justify setting aside a verdict."

This case is distinguishable from the case at bar only in that no promise to pay was made prior to the giving of the testimony and that it was to "reimburse" a witness for extraordinary expenses. Here there was a promise in advance, though not as to the amount, and the reimbursement was not for extraordinary expenses but for time lost from the witness's own work.

■ However in the absence of cases directly in point we can rely upon general principles. In Moore's Federal Practice, Vol. 6, under the general subject of the grant of new trials on account of after-discovered evidence the following statement is made beginning at p. 3787:

"In general, a new trial is not warranted unless the evidence, if it had been presented at the former trial, would probably have produced a different result. Evidence, therefore, that is merely cumulative, or whose only effect is to contradict or attack the credibility of witnesses will ordinarily not warrant a new trial, in the absence of very unusual or extraordinary circumstances."

■ Undoubtedly, if counsel for the plaintiff had known that the witness had been promised that he would be paid for his loss of business during the time he attended the trial, that fact could have been brought out on cross-examination. But equally clearly it would go merely to the credibility of the witness. And therefore under the general rule stated by Professor Moore the subsequent discovery of the fact would not justify a new trial.

The rule stated by Professor Moore is amply supported by a wealth of case law and I believe properly governs the situation which we have now before us.

It follows that the motion to set aside the judgment and verdict and grant a new trial must be overruled.

An order will be entered accordingly.