**UNITED STATES FIDELITY AND GUARANTY COMPANY, a** corporation

v.

Charles E. LAWRENSON.

Civ. No. 12121.

United States District Court
D. Maryland.

Jan. 3, 1964.

William O. Doub, Baltimore, Md., for plaintiff.

Charles E. Lawrenson, pro se.

NORTHROP, District Judge.

Charles E. Lawrenson has filed a motion under Rule 60(b) (2) and (6), F.R. Civ.P., for relief from judgment on the ground of newly discovered evidence and on the further ground of disqualification of the District Judge who presided at the trial.

The complaint in this action, filed on April 13, 1960, alleged, in substance, that on or about September 4, 1959, the defendant Lawrenson and another, Robert L. Couch, committed an armed robbery of the Mechanicsville (St. Mary's County, Maryland) Branch of the County Trust Company, a Maryland bank, in the amount of $28,037.00; that the plaintiff, United States Fidelity and Guaranty Company, a Maryland corporation, had issued a blanket banker's bond to the County Trust Company indemnifying it against loss; and that on proof of claim in accordance with the requirements of the bond, the plaintiff surety had paid the loss and thereby became legally subrogated to the rights of the bank against the defendant.

On April 13, 1960, a foreign attachment was laid in the hands of the Maryland agents of the Federal Bureau of Investigation which was holding the sum of $22,503.00 in currency found in the possession of the defendant, Lawrenson, some days after the alleged armed robbery.

On May 16, 1961, the jury returned a verdict for the plaintiff in the amount of $28,037.00.

A motion by Lawrenson for a new trial was overruled by Judge Chesnut on August 8, 1961, and the United States Court of Appeals for the Fourth Circuit affirmed. See United States Fidelity and Guaranty Co. v. Lawrenson, 298 F.2d 880, 890 (4th Cir.), cert. denied, 370 U.S. 913, 82 S.Ct. 1260, 8 L.Ed.2d 406 (1962).

Lawrenson has requested a hearing on his current motion for relief from judgment. For the reasons set forth below, the court finds the motion of the defendant to be frivolous and an abuse of legal process. The question arises as to whether Lawrenson or anyone who requests a hearing on a motion is entitled to a hearing, notwithstanding the substance of that motion.

Rule 7, Rules of the United States District Court for the District of Maryland, says in part:

"All motions, objections and exceptions shall be decided on the memoranda filed with the Clerk unless otherwise ordered by the Court, *or unless either side shall in writing request a hearing*." [emphasis supplied]

It might be argued that the emphasized portion of our Rule 7 makes a hearing mandatory if either party requests such a hearing. However, the more logical construction is that although motions, etc., will automatically be decided on the memoranda filed unless the court or either side requests a hearing, it is still within the discretion of the court to grant or refuse a request for a hearing. Support for such a construction is found in reading Rule 7 in conjunction with Rule 78, F.R.Civ.P., the latter rule of course taking precedence. Rule 78 is the authority under which the District Courts are required to set aside a regular time and place for motions to be heard. Rule 78 is in part as follows:

"Unless local conditions make it impracticable, each district court shall establish regular times and places * * *, at which motions

requiring notice and hearing may be heard and disposed of; but the judge at any time or place and on such notice, if any, as he considers reasonable may make orders for the advancement, conduct, and hearing of actions.

"To expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition."

Rule 78 thus requires the District Court to set aside a time and place to hear motions "requiring notice and hearing" and, in the second paragraph above, gives the District Judge discretion to expedite motions. Since Rule 78 is the source from which local Rule 7 was adopted, it is felt that the portion of Rule 7 which requires a hearing to be held, if requested in writing by any party, applies only to those motions in which the District Court is required under Rule 78 to grant a hearing, or in which the District Court is not inclined to dispose of the motion without a hearing.

■ Granting a hearing in this case would not bring the court's attention to matters which are not already known to it as a result of a study of the papers in this motion and close scrutiny of the file in this case and in the accompanying criminal case. The movant will not be deprived of due process of law by disposition of this motion without a hearing. See Federal Communications Commission v. WJR, The Goodwill Sta., Inc., 337 U.S. 265, 275–276, 69 S.Ct. 1097, 1103, 93 L. Ed. 1353 (1949); Sarelas v. Porikos, 320 F.2d 827 (7th Cir.1963); Skolnick v. Martin, 317 F.2d 855 (7th Cir.1963); Vapor Blast Independent Shop Worker's Ass'n v. Simon, 305 F.2d 717 (7th Cir. 1962); Hilton v. W. T. Grant Co., 212 F.Supp. 126 (W.D.Pa.1962); Steckler, Motions Prior to Trial, Seminar on Procedures for Effective Judicial Administration, 29 F.R.D. 191, 301–306 (1961) (a discussion of Rule 8 of the Southern District of Indiana and Rule 78, F.R. Civ.P.).

■ The court cannot grant a hearing in every motion filed, since those of a frivolous nature would impede the progress of those which are meritorious. Where the motion is, as it is here, clearly without substance and only another attempt to burden the court with frivolous contentions, a hearing is unnecessary and the motion should be denied.

The defendant seeks relief from the judgment under Rule 60(b) (2) and (6) on the grounds that he has obtained newly discovered evidence.

## I

Lawrenson's first allegation is that he had nothing to do with the robbery of the County Trust Company in Mechanicsville, Maryland. As newly discovered evidence on this matter, he submits two statements: one by a Robert Lee Cutler and the other by a Russell W. Carpenter. Cutler claims in his statement that he and not Lawrenson participated with Robert Couch, a co-defendant, in the robbery. Carpenter says in his statement that Couch told him that Lawrenson was not Couch's accomplice in the robbery but that another man was.

Cutler's statement is not newly discovered evidence since its substance was in this case before Judge Chesnut on a motion by defendant for a new trial, and since the statement itself was before Judge Thomsen in a motion by defendant for a new trial in the accompanying criminal case, United States v. Lawrenson, 210 F.Supp. 422 (D.Md.), aff'd, 315 F.2d 612 (4th Cir.), cert. denied, 373 U.S. 938, 83 S.Ct. 1542, 10 L.Ed.2d 693 (1963). Both judges refused to consider the substance of the statement as newly discovered evidence worthy of credence, but found it incredible and untrue. Since this evidence has been considered by two judges of this court and by the United States Court of Appeals for the Fourth

Circuit, it cannot be said that the evidence is newly discovered at this point, nor that the defendant has not had ample opportunity to present it.

■ Therefore, this court finds that Cutler's statement is not newly discovered evidence which warrants the relief sought under Rule 60(b) (2) and (6).

Carpenter's statement has not been presented previously to any member of this court for consideration.

■ In 6 Moore, Federal Practice, 3787–88 (2nd ed. 1953), it is stated:

" * * * In general, a new trial is not warranted unless the evidence, if it had been presented at the former trial, would probably have produced a different result. Evidence, therefore, that is merely cumulative, or whose only effect is to contradict or attack the credibility of witnesses will ordinarily not warrant a new trial, in the absence of very unusual or extraordinary circumstances." (footnotes omitted.)

The general rule then is that mere cumulative evidence or evidence used solely for impeachment purposes is not to be considered evidence which warrants granting a new trial. United States v. 72.71 Acres of Land, etc., 23 F.R.D. 635 (D.Md.), aff'd sub nom. Webb v. United States, 273 F.2d 416 (4th Cir. 1960); United States v. Frankfeld, 111 F.Supp. 919, 922 (D.Md.), aff'd sub nom. Meyers v. United States, 207 F.2d 413 (4th Cir.1953); Smith v. Allen, 212 F. Supp. 713 (E.D.Va.1962).

At the trial of this case, one James P. Keating was called as a witness on behalf of the defendant and testified in part as follows:

" * * * and I distinctly heard Couch say that they would never recover the money that he got from his robbery and that this guy they were bringing from Florida, he would get it straightened out with him, he didn't have nothing to do with it." Record, p. 253.

Keating, in referring to "this guy they were bringing from Florida" was obviously referring to Lawrenson.

Kenneth George Pletzer, also a witness for the defendant and, like Keating, an inmate at the Maryland Penitentiary, testified in relevant part as follows:

"Q. What, if anything, did he tell you about the money?

"A. Oh, you mean the money he stole from the bank—he stated the fact that he would be pretty well fixed when he got out. I said, what do you mean by that? He said, I got a good part of the money and have it stashed away. I am young, never been in trouble, oh, I will get a light sentence, more than light. Later on, I found out it was true, it happened.

"Q. What?

"A. He got a light sentence just as he predicted he would get if he turned state evidence he would get a light sentence and they would be very easy on him, which, from the way I understand him, could very well happen. So he said he felt as though with no more time than he would get, when he would get out, he would have a good deal of money to start some sort of business.

"Q. Did he ever tell you how much money he had?

"A. No, just a good bit, he had a good bit of the money he had from the bank, I didn't ask * * * "

Record, pp. 245–46.

In referring to "he" throughout the testimony set forth, Keating was obviously alluding to Robert Couch.

A third inmate of the Maryland Penitentiary, one John Lord, testified for the defendant in pertinent part as follows:

"[I]n my presence Couch admitted that Lawrenson was not the man

that was with him on this job, and that if and when he ever did get to court and that Lawrenson was not turned loose first, that he would see to it Lawrenson, you know, was exonerated, or his testimony would prove that Lawrenson was not the one that was with him, and he actually mentioned the name, but it was like a nickname, like Joe or Moe, or something, but I wouldn't remember the name, if I heard it." Record, p. 232.

And, again, on page 233 of the Record, Lord said:

" * * * but he says as far as Lawrenson is concerned, he definitely wasn't there."

Couch had categorically testified that Lawrenson was his partner in the robbery. The clear implication of the testimony of Keating, Pletzer and Lord is that another, not Lawrenson, was Couch's accomplice in the robbery; and, further, that the money found in Lawrenson's hotel room was not the booty from the robbery, since Couch still had that money secreted, awaiting his release. This testimony was an obvious attempt to discredit Couch's testimony and impeach his credibility.

■■ Lawrenson had ample opportunity to attack Couch's testimony and he did so. The affidavit of Carpenter is merely cumulative with the testimony of Keating, Pletzer and Lord. It is advanced for purposes of impeaching Couch's direct testimony as a witness for the plaintiff. As cumulative evidence, it cannot, by the prevailing rule, be considered as newly discovered evidence for purposes of justifying relief under Rule 60(b) (2) and (6) from the judgment imposed for the plaintiff.

## II

The second ground of Lawrenson's motion is that the presiding judge at the trial of the case, the Honorable W. Calvin Chesnut, was a former stockholder of the plaintiff corporation and that it was incumbent upon him that he disqualify himself as the presiding judge. Judge Chesnut corresponded with Lawrenson and told him that although he at one time had owned some stock of the plaintiff corporation, he had sold the securities more than twenty-five years prior to the time of the correspondence.

■■ The disqualification of a judge, for being so related or connected with any party as to render it improper for him to preside, is generally a matter confined to the conscience of the particular judge, 28 U.S.C.A. § 455 (1949); Weiss v. Hunna, 312 F.2d 711 (2nd Cir.1963). Judge Chesnut found it unnecessary to disqualify himself and this court sees no reason to comment further on the allegation. It lacks substance and has been fully considered.

For the foregoing reasons, it is hereby, by the United States District Court for the District of Maryland, this third day of January, 1964, ordered:

1. That the defendant's motion for relief from judgment under Rule 60(b) (2) and (6), F.R.Civ.P., is denied;

2. That defendant's request for a hearing on the motion for relief from judgment under Rule 60(b) (2) and (6), F.R.Civ.P., is denied;

3. That defendant's motion for a new trial based on failure of plaintiff's counsel to answer defendant's motion within a prescribed time is denied;

4. That defendant's motion for a writ of habeas corpus ad testificandum is denied;

5. That defendant's motion to proceed in forma pauperis is granted; and

6. That defendant's motion to amend and consolidate original pleadings is granted.