**John DOE and Richard H. Foster,
Plaintiffs,**

v.

**The STATE BAR OF CALIFORNIA
et al., Defendants.**

**No. C–76–835–CBR.**

United States District Court,
N. D. California.

June 21, 1976.

As Corrected June 24, 1976.

Richard H. Foster, San Francisco, Cal., for plaintiffs.

Herbert M. Rosenthal, Stuart A. Forsyth, Ronald W. Stovitz, San Francisco, Cal., for defendants.

## MEMORANDUM OF OPINION AND ORDER.

RENFREW, District Judge.

▮ This is a suit to enjoin disciplinary proceedings of the State Bar of California ("State Bar") against one John Doe on the grounds that they violate the due process clause of the Fourteenth Amendment. Both plaintiffs are members of the State Bar and plaintiff Richard H. Foster is Mr. Doe's attorney.[1] Defendants are the State Bar, Michael E. Wald, a member of the State Bar investigation committee in Doe's district, and David L. Frey, Jr., a State Bar Examiner assigned to investigate Doe's case.

The rules governing State Bar disciplinary proceedings in California are set forth in the *Rules of Procedure of the State Bar of California* (1976).[2] Complaints are presented to the disciplinary enforcement department of the State Bar, Rule 10.10, where a staff attorney reviews them. If the staff attorney concludes that "there is no legal ground for the action * * * or there is lack of sufficient proof to support a determination of probable cause," he may terminate the action. Rule 11.10. If the staff attorney feels he needs more information, he may notify the member of the conduct being investigated and request a written explanation. *Id.* If the matter is not terminated, it is then referred to an investigation committee. Rule 11.30.

An investigation committee determines "whether probable cause exists for the issuance of a notice to show cause." Rule 12.10. Probable cause exists where the committee "believes the facts elicited in the investigation justify the issuance of a formal charge." *Id.* The committee may either terminate the matter, Rule 12.20, or order an investigation hearing pursuant to Rule 12.30 which provides:

"The committee may order an investigation hearing which shall be informal but thorough. Legal rules of evidence shall not apply. Unless the right to appear has been waived * * * the member is entitled to appear during the course of the hearing, in person and by counsel, and to deny or explain the acts, omissions or alleged physical or mental condition which are the subject of the investigation."

After a hearing, the committee may terminate the matter for lack of probable cause or issue a notice to show cause which cites the statutes, rules, or court orders alleged to have been violated, and the particular

---

1. Plaintiff Doe was allowed to maintain his anonymity in state court proceedings because of the possible adverse impact on his reputation. This Court looks with great disfavor upon such "John Doe" pleadings. Plaintiff Foster's claim of standing because he is an "officer of the court" and because the procedures complained of allegedly deny him the constitutional right to defend adequately his client, is also open to serious doubt. However, the Court does not need to reach either the question of standing or the question of the form of the pleadings to decide this case.

2. The State Bar commenced its action against Doe before the 1976 revision of the Rules of Procedure became effective. The 1976 Rules, however, do not differ from their immediate predecessors in any way pertinent to this case. All references in this opinion are to the 1976 Rules.

acts or omissions constituting the alleged violation.[3]

The notice to show cause commences formal proceedings, and the member is required to file an answer within ten days after service. The answer must contain, *inter alia,* the member's admission, denial, or explanation of the allegations and "any objections which the member may desire to make to the jurisdiction of the State Bar or of the hearing panel, or to the sufficiency of the allegations of the notice to show cause * * *." Rule 15.10. At a date specified in the notice to show cause or in a separate notice of hearing, the case is presented before a hearing panel made up of three disciplinary referees. Rule 20.10. The procedures followed in the formal hearing are very much like those followed in California courts:

"Subject to relevant decisions of the Supreme Court, the rules of evidence in civil cases in courts of record in this state shall be generally followed in a formal proceeding, but no error in admitting or excluding evidence shall invalidate a finding of fact, decision or determination, unless the error or errors complained of resulted in a denial of a fair hearing." Rule 18.10.

The final decision of the hearing panel may be reviewed first by the Advisory Review Panel, Rule 22.20, and then by the California Supreme Court. *Stratmore v. State Bar,* 14 Cal.3d 887, 889–890, 123 Cal. Rptr. 101, 102, 538 P.2d 229 (1975).

The State Bar first notified Doe of the complaint against him in a letter signed by staff attorney David L. Frey and dated April 24, 1975. The letter stated that an informal hearing would be held on June 6, 1975, and requested Doe to appear in person or by counsel or both. Frey attached a statement of alleged facts which accused Doe of soliciting clients and promising to provide at least one of them with loans and certain personal property. On June 3, 1975, Doe retained Richard H. Foster to represent him in the disciplinary action. At the June 6 hearing Michael E. Wald, the one-member preliminary investigation committee, denied Doe's requests for a continuance, a transcript of any witness's testimony already heard against him, and the right to confront and cross-examine witnesses who testified against him.

On July 7, 1975, Foster wrote a letter to Wald formally objecting to the rulings as denials of due process and violations of the State Bar Act. Frey replied by letter that Doe could obtain a transcript only with the permission of both Karl Zellmann, Assistant Secretary of the State Bar, and the Board of Governors. On August 19, 1975, Zellmann denied Doe's request for a transcript and the rights of confrontation and cross-examination before the investigation committee.

Plaintiffs petitioned the California Supreme Court for a writ of mandamus declaring the investigation committee a nullity and ordering the State Bar to give Doe a transcript and the other rights requested in Foster's letter to the State Bar. The California Supreme Court denied the petition on March 10, 1976, and denied a rehearing on April 8, 1976.

Plaintiffs filed this action in federal court on April 26, 1976. They argue that the procedures followed by the State Bar in preliminary investigations under Rule 12 "authorize a proceeding in the nature of a Star Chamber" in violation of the Fourteenth Amendment. The investigation against Doe is still pending before a State Bar Local Administrative Committee for State Bar District No. 3.[4]

---

**3.** Rule 24.10 gives a State Bar staff attorney the power to file a show cause order without an investigation by the investigation committee if documentary evidence is a substantial part of the proof of the disciplinary offense and the State Bar is in possession of such evidence. Under this procedure the member must have been notified prior to the filing and failed to give an adequate explanation of the matter, and the filing must be approved by the investigation committee.

**4.** The only indication before the Court of the current status of the investigation appears in the State Bar's memorandum in opposition to the petition for a writ of mandamus from the California Supreme Court, filed in November

Plaintiffs ask this Court to convene a three-judge court under 28 U.S.C. § 2281.[5] While § 2281 bars a single federal court judge from deciding the merits of a suit to enjoin a state proceeding unless the constitutional issue presented is "insubstantial,"[6] the statute does not prohibit a single judge from dismissing such an action for lack of jurisdiction. *Gonzalez v. Automatic Employees Credit Union,* 419 U.S. 90, 100, 95 S.Ct. 289, 42 L.Ed.2d 249 (1974).

The Ninth Circuit has held explicitly that federal district courts do not have jurisdiction to review state court orders concerning the discipline of state bar members. In *MacKay v. Nesbett,* 412 F.2d 846 (9 Cir.), *cert. denied,* 396 U.S. 960, 90 S.Ct. 435, 24 L.Ed.2d 425 (1969), *aff'g* 285 F.Supp. 498 (D.Alaska 1968), the court upheld the dismissal by a single district court judge of an action to enjoin the effect of a final disciplinary order of the Alaska Supreme Court. Such orders

> "may be reviewed only by the Supreme Court of the United States on certiorari to the state court, and not by means of an original action in a lower federal court. The rule serves substantial policy interests arising from the historic relationship between state judicial systems and the members of their respective bars, and

between the state and federal judicial systems." 412 F.2d at 846.

*Accord, Gately v. Sutton,* 310 F.2d 107, 108 (10 Cir. 1962) ("The federal courts do not have jurisdiction to review an order of the Colorado Court disbarring an attorney * * *.")

This case is very similar to *Mildner v. Gulotta,* 405 F.Supp. 182, 196–199 (E.D.N.Y. 1975), *aff'd sub nom. Gerzof v. Gulotta,* 425 U.S. 901, 96 S.Ct. 1489, 47 L.Ed.2d 751 (1976). In that case a three-judge court dismissed suits brought to test the constitutionality of the procedures used by the State of New York to discipline attorneys charged with professional misconduct. Citing *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), the court held that federal courts should abstain from interfering with state bar disciplinary proceedings, even when the plaintiffs had completely exhausted their state remedies, because "issuing a stay of a final judgment of a State court is at least as significant an intrusion into State matters as enjoining prosecution of disciplinary proceedings prior to judgment."[7]

The Supreme Court has expressly reserved the question of whether a single federal judge may dismiss an action to enjoin a state proceeding on the ground of abstention.[8] *MTM, Inc. v. Baxley,* 420 U.S.

---

1975. Neither party has indicated that the status has changed.

**5.** 28 U.S.C. § 2281 provides:

"An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title."

Defendant State Bar is an administrative arm of the California Supreme Court and is empowered by the California Business and Professional Code, § 6075 *et seq.,* to assist the Court in the discipline of California attorneys. *Emslie v. State Bar,* 11 Cal.3d 210, 224, 113 Cal.Rptr. 175, 182–183, 520 P.2d 991 (1974). Neither party disputes that § 2281 applies to federal

actions which attempt to enjoin State Bar disciplinary proceedings.

**6.** *Goosby v. Osser,* 409 U.S. 512, 518–519, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973); *Lopez v. Butz,* 535 F.2d 1170 (9 Cir. 1976).

**7.** Plaintiffs in this case rely upon Judge Weinstein's dissent for support, but they neglect to point out that Judge Weinstein felt abstention was improper only because "[t]he disciplinary proceedings * * * including the appellate process, had already been concluded prior to commencement of [the] federal actions." 405 F.Supp. at 206–207. In this case state proceedings are still pending. See note 4 *supra.*

**8.** In *Idlewild Liquor Corp. v. Epstein,* 370 U.S. 713, 715–716, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962), the Court held that a single federal judge may not deny a request to convene a three-judge court under § 2281 and "simply [retain] jurisdiction of the cause, in order to give the state courts an opportunity to pass upon the constitutional issues presented

799, 802 n.7, 95 S.Ct. 1278, 43 L.Ed.2d 636 (1975). However, in *MTM* the Court held that the dismissal of an action by a three-judge court on the ground of abstention is not a "denial of injunctive relief" which may be appealed directly to the Supreme Court under 28 U.S.C. § 1253.[9] If such a dismissal is not an "order granting or denying" an injunction in any civil action "required * * * to be determined by * * three judges" within the meaning of § 1253, neither should it fall under the § 2281 requirement for three-judge courts when an injunction is "granted."

If a dismissal based on abstention must be decided by a three-judge court even though the decision may not be appealed directly to the Supreme Court, then Congress would have had to have meant injunctions "granted" within the meaning of § 2281 to encompass a broader category than injunctions "grant[ed] or den[ied]" within the meaning of § 1253. Since both sections originally were part of § 17 of the Act of June 18, 1910, ch. 309, 36 Stat. 539, such an intention is highly unlikely. Note, "Judicial Limitation of Three-Judge Court Jurisdiction," 85 Yale L.J. 564, 572–573 (1976). In his *MTM* concurrence, Justice White argues persuasively that § 2281 allows single judges the power to dismiss actions where abstention would be appropriate. Any other conclusion would "manhandl[e] the language of [§ 1253]," result in "an exorbitant expenditure of judicial manpower, and [be] without reason in light of our cases." 420 U.S. at 805–807, 95 S.Ct. at 1283. *See Anonymous v. Association of the Bar of City of New York,* 515 F.2d 427, 430 (2 Cir. 1975) (affirming dismissal of complaint by single judge on ground of abstention).

 Because federal courts do not have jurisdiction to interfere with disciplinary proceedings of the State Bar of California, this case will be dismissed and judgment entered in favor of defendants.

IT IS HEREBY ORDERED that the complaint and the action therein are dismissed.

IT IS HEREBY FURTHER ORDERED that counsel for defendants shall prepare promptly a form of judgment in accordance with this Memorandum of Opinion and Order and that the parties shall bear their respective costs.

---

* * *." 370 U.S. at 714, 82 S.Ct. at 1296. Unlike this case, however, there was no state proceeding pending in *Idlewild.* In *MTM, Inc. v. Baxley,* 420 U.S. 799, 805–806, 95 S.Ct. 1278, 43 L.Ed.2d 636 n.1, Justice White, concurring, distinguishes *Idlewild* from cases involving federal abstention during the pendency of state proceedings:

"*Idlewild* concerned abstention under *Railroad Comm'n v. Pullman Co.,* 312 U.S. 496 [61 S.Ct. 643, 85 L.Ed. 971] (1941). Under *Pullman* abstention, the federal court retains jurisdiction while the state law issues are adjudicated in state court, and therefore no relief has been finally denied in federal court. In contrast to that deferral of relief, *Younger v. Harris,* 401 U.S. 37 [91 S.Ct. 746, 27 L.Ed.2d 669] (1971), abstention mandates dismissal of the federal action." 420 U.S. at 806 n.1, 95 S.Ct. at 1282.

9. 28 U.S.C. § 1253 provides:

"Except as otherwise provided by law, any party may appeal to the Supreme Court from an order granting or denying, after notice and hearing, an interlocutory or permanent injunction in any civil action, suit or proceeding required by any Act of Congress to be heard and determined by a district court of three judges."