In re Jerome B. **ROSENTHAL,**
Esq., Respondent.

No. 87–8236.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 13, 1988.

Decided Aug. 19, 1988.

Jerome Rosenthal, Los Angeles, Cal., for respondent.

Before SCHROEDER and WIGGINS, Circuit Judges, and STEPHENS,* District Judge.

PER CURIAM:

This court issued an order to show cause why Jerome Rosenthal should not be disbarred from the practice of law in this court following his disbarment from the Supreme Court of California.[1] A motions panel then granted Rosenthal's request under Fed.R.App.P. 46(b) for a hearing.

■ A determination of disbarment by a state court is not conclusively binding on the federal courts. *Theard v. United States,* 354 U.S. 278, 282, 77 S.Ct. 1274, 1276–77, 1 L.Ed.2d 1342 (1956). Nevertheless, the state court determination is entitled to great deference and recognition absent the following conditions: (1) the state procedure did not provide adequate notice and an opportunity to be heard; (2) the proof of facts establishing the "want of fair private and professional character" were so infirm that the court should not accept the state court's decision; or (3) some other grave reason existed that should prevent the court from recognizing the state court's determination. *Selling v. Radford,* 243 U.S. 46, 51, 37 S.Ct. 377, 379, 61 L.Ed. 585 (1916).

■ Under *Selling,* the federal court must make "an intrinsic consideration of the state record" to determine whether one of the above conditions is present. *See id.* The question arises, however, what "intrinsic consideration" is due? Here, in essence, Rosenthal seeks collaterally to attack in this court a final judicial decision of the highest court of California. He invites this court, in the context of an original disciplinary proceeding, to review de novo the state's findings of fact. Although this court must examine the record to determine whether any of the *Selling* infirmities exist, *see, e.g., Mackay v. Nesbett,* 412 F.2d 846 (9th Cir.1969), the court must accord a presumption of correctness to the state court factual findings. Otherwise, the court would be drawn into an extensive inquiry requiring it to sit in review of a California Supreme Court judgment. This the court is without jurisdiction to do; review of that nature may be obtained only in the United States Supreme Court. *See D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 485–86, 103 S.Ct. 1303, 1316–17, 75 L.Ed.2d 206 (1982).

■ The only justification Rosenthal offers for this court not to disbar him is alleged procedural infirmities in the California state disbarment proceedings and allegedly erroneous factual findings upon which the disbarment was based. Upon examination of the record[2] we cannot say that Rosenthal was not accorded adequate notice and an opportunity to be heard. Moreover, he has not shown that the factual findings of the California tribunals were unsupported by the evidence. Instead, he offers only his own unsupported, conclusory version of the facts. Accordingly, we should recognize the California Supreme Court's determination of disbarment.

Jerome B. Rosenthal is hereby disbarred from the practice of law before this court.

---

* Honorable Albert Lee Stephens, Jr., Senior United States District Judge for the Central District of California, sitting by designation.

1. The Supreme Court of California disbarred Rosenthal for, among other things, engaging in transactions involving undisclosed conflicts of interest, filing fraudulent claims and giving false testimony, engaging in conduct designed to harass former clients, obstructing justice and abuse of the legal process. *See Rosenthal v.*

*State Bar of California,* 43 Cal.3d 612, 238 Cal. Rptr. 377, 738 P.2d 723 (1987).

2. In addition to the papers filed in the current action the panel has reviewed Rosenthal's briefs in the state proceeding, the State Bar examiner's brief, the State's Notice to Show Cause, the published opinion of the California Supreme Court disbarring Rosenthal, and the opinion in the underlying civil action involving Rosenthal.