Jerome B. ROSENTHAL, Esq., Plaintiff–Appellant,

v.

JUSTICES OF THE SUPREME COURT OF CALIFORNIA; Allen Broussard; Edward Panelli; John A. Arguelles; David N. Eagleson; Mildred Lillie; Vaino Spencer; Marcus Kaufman, Defendants–Appellees.

No. 88–15709.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 13, 1990.

Decided Aug. 1, 1990.

Jerome B. Rosenthal, Los Angeles, Cal., pro se.

Daniel G. Stone and Cathy A. Neff, Deputy Attys. Gen., Sacramento, Cal. and Lawrence C. Yee, State Bar of California, San Francisco, Cal., for defendants-appellees.

Before HERBERT Y.C. CHOY, THOMAS TANG and ROBERT R. BEEZER, Circuit Judges.

BEEZER, Circuit Judge:

Rosenthal appeals the district court's dismissal of his action against the justices of the California Supreme Court and officers of the state bar association arising out of his disbarment. We affirm.

Rosenthal was disbarred by the California Supreme Court on the recommendation of the Hearing Panel of the California State Bar and its Review Department. *See*

*Rosenthal v. State Bar of California*, 43 Cal.3d 612, 238 Cal.Rptr. 377, 738 P.2d 723 (1987) (en banc), *appeal dismissed*, 488 U.S. 805, 109 S.Ct. 35, 102 L.Ed.2d 15 (1988) (*Rosenthal I*). The recommendation was made after over ten years of hearings and proceedings following a complaint filed against Rosenthal by a former client, Doris Day, and her family. *See id.*, 43 Cal.3d at 615–21, 238 Cal.Rptr. at 379–83, 738 P.2d at 725–29. Rosenthal had represented Day and her husband, Martin Melcher, for 18 years, until Melcher's death in 1968. *See Day v. Rosenthal*, 170 Cal.App.3d 1125, 217 Cal.Rptr. 89 (App.Ct.1985), *cert. denied* 475 U.S. 1048, 106 S.Ct. 1267, 89 L.Ed.2d 576 (1986). During that period, Rosenthal committed breaches of professional ethics that are difficult to exaggerate.[1] Rosenthal has also been disbarred by this court and appears before us pro se. *In re Rosenthal*, 854 F.2d 1187, 1188 (9th Cir.1988) (*Rosenthal II*).

Rosenthal brought this action in federal court to allege constitutional and statutory defects in the state disbarment proceedings.[2] First, he argues that the statute authorizing judicial review of the bar association's recommendation impermissibly shifts the burden to him to show the evidence is insufficient to support disbarment. *See* Cal.Bus. & Prof.Code § 6083(c). Second, he argues that the statute authorizing

---

1. The California Supreme Court found that Rosenthal had, among other things, (1) negotiated a retainer agreement giving him a 10% interest in everything the Melchers owned, above and beyond litigation fees; (2) set up oil and gas ventures that cost the Melchers over $4 million while netting Rosenthal $400,000 in secret profits and hundreds of thousands of dollars in legal fees; (3) set up sham tax shelters involving the purchase of bonds from other clients of Rosenthal, for which he received a commission without disclosing his conflict of interest, and provoking ten years of tax litigation during which he failed to communicate settlement offers; (4) set up hotel investment schemes toward which the Melchers made constant payments and from which Rosenthal, as partial owner, siphoned funds; (5) failed to provide any accounting and convinced Melcher that an audit by Price, Waterhouse & Co. was inaccurate; and (6) convinced Melcher to take, without Day's knowledge or permission, nearly $3 million from Day's personal accounts to "loan" to family businesses that turned the money over to Rosenthal.

During this period Rosenthal received over $2.5 million in legal fees. *Day*, 170 Cal.App.3d at 1135–41, 217 Cal.Rptr. at 94–99. After Melcher's death, the scheme unraveled and Day fired Rosenthal. In response, Rosenthal filed at least 18 lawsuits against Day, *id.* at 1141, 217 Cal. Rptr. at 98; and blocked efforts to salvage funds from the hotel bankruptcy proceedings, costing Day another half-million dollars. *Id.* When a receiver was appointed, Rosenthal not only refused to turn over documents and files but forced sheriff's deputies to call out a locksmith to gain access to the file room to obtain the Melcher/Day files. *Id.* Rosenthal did all this without ever considering his behavior inappropriate. *Id.* at 1141, 217 Cal.Rptr. at 99.

2. Rosenthal's original federal court complaint was dismissed, but on appeal we held that one of his constitutional claims had facial validity and remanded for a determination on the merits. No. 87–2418, Order dated April 29, 1988. On remand, the district court dismissed the amended complaint. This appeal followed.

admission of documents from other disciplinary proceedings violates the confrontation clause. *See* Cal.Bus. & Prof.Code § 6049.1(a). Third, he alleges that Chief Justice Malcolm Lucas of the California Supreme Court, who had earlier recused himself from the case, acted without jurisdiction when he signed an order on behalf of the court denying Rosenthal's petition for rehearing, violating 42 U.S.C. § 1983. Finally, he charges that the Bar Association violated federal labor law, specifically 29 U.S.C. § 411(a)(5), by not providing him a "full and fair hearing."

The district court rejected these arguments and dismissed the claims with prejudice. We review the district court's dismissal of a complaint *de novo. Kruso v. Int'l Telephone and Telegraph Corp.,* 872 F.2d 1416, 1421 (9th Cir.1989).

## I

Rosenthal first argues that Cal.Bus. & Prof.Code § 6083, which places upon the petitioner the burden to prove to the state Supreme Court that the bar association's recommendation of disbarment is erroneous,[3] violates both the principle of presumption of innocence and the command of the 14th Amendment that the state prove every element of an offense beyond a reasonable doubt.

 We reject both of Rosenthal's attacks upon Section 6083(c). A lawyer disciplinary proceeding is not a criminal proceeding. *See, e.g., Standing Comm. on Discipline v. Ross,* 735 F.2d 1168, 1170 (9th Cir.), *cert. denied, appeal dismissed,* 469 U.S. 1081, 105 S.Ct. 583, 83 L.Ed.2d 694 (1984). As a result, normal protections afforded a criminal defendant do not apply.

The principle of presumption of innocence is a creature of a criminal proceeding; and hence, does not apply in a lawyer disbarment proceeding. Similarly, Section 6083(c) does not violate the command of the 14th Amendment that the state prove every element of an offense beyond a reasonable doubt. That command, which arises from *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1975), applies only in criminal proceedings, not in a lawyer disbarment such as this one.

 The lawyer subject to discipline is entitled to procedural due process, including notice and an opportunity to be heard. *In re Ruffalo,* 390 U.S. 544, 550, 88 S.Ct. 1222, 1226, 20 L.Ed.2d 117 (1968); *Ross,* 735 F.2d at 1170. California provides this and other protections. It allows the lawyer to call witnesses and cross-examine them. *Emslie v. State Bar of California,* 11 Cal.3d 210, 226, 113 Cal.Rptr. 175, 183–84, 520 P.2d 991, 999–1000 (1974) (en banc). At the hearing, the burden is on the state to establish culpability "by convincing proof and to a reasonable certainty"; "all reasonable doubts must be resolved in favor of the accused." *Id.; see also Arden v. State Bar of Calif.,* 43 Cal.3d 713, 724, 239 Cal.Rptr. 68, 73, 739 P.2d 1236, 1241 (1987) (en banc).[4] The California Supreme Court, in deciding whether to accept the bar's recommendation, grants the bar's findings "great weight" but is not bound by them. *Id.* It must "independently examine the record, reweigh the evidence and pass on the sufficiency." *Franklin v. State Bar of Calif.,* 41 Cal.3d 700, 708, 224 Cal.Rptr. 738, 742, 715 P.2d 699, 703 (1986) (en banc). Once again, "all reasonable doubts will be resolved in favor of the accused." *Emslie,* 11 Cal.3d at 220, 113 Cal.Rptr. at 179, 520

---

**3.** Cal.Bus. & Prof.Code § 6083 reads:

(a) A petition to review or to reverse or modify any decision recommending the disbarment or suspension from practice of a member of the State Bar may be filed with the Supreme Court....

(c) Upon such review the burden is upon the petitioner to show wherein the decision or action is erroneous.

**4.** Rosenthal does not argue here that he was denied constitutional protections in his exten-

sive hearings before the bar association or that the burden of proof was wrongly allotted there. Indeed, he raised such arguments before the California Supreme Court, which rejected them as "completely meritless" and "technical defenses devoid of any sincere discussion of the merits of the serious findings against him." *Rosenthal I,* 43 Cal.3d at 632–33, 238 Cal.Rptr. at 390–91, 738 P.2d at 736–37. We have also rejected Rosenthal's challenges to the bar's conduct of the hearings in affirming his disbarment from this court. *Rosenthal II,* 854 F.2d at 1188.

P.2d at 995. The petitioner need only show that the charges "are not sustained by convincing proof and to a reasonable certainty." *Id.*

The State of California provides attorneys subject to discipline with more than constitutionally sufficient procedural due process. We decline to hold this statute unconstitutional.

## II

■■■■■ Rosenthal next argues that the California statute authorizing admission of documents from other disciplinary proceedings violates the confrontation clause. Cal. Bus. & Prof.Code § 6049.1(a) provides:

In any disciplinary proceeding under this Chapter, a certified copy of a final order made by any court of record ... determining that a member of the State Bar committed professional misconduct ... shall be conclusive evidence that the member is culpable of professional misconduct in this state....

At the time the proceeding against Rosenthal was commenced, the statute provided that:

authenticated copies of findings, conclusions, orders or judgments made or entered in any court of record ... in any disciplinary proceeding therein against the same person, shall be admissible....

The former statute also allowed admission of the "authenticated transcript of the testimony taken in ... out-of-state proceedings." *Id.* Rosenthal argues that these provisions deny him the right to cross-examine witnesses from other proceedings and violate the sixth amendment.

The state court decision in this matter shows that Rosenthal had no prior record of discipline. *See Rosenthal I,* 43 Cal.3d at 621, 238 Cal.Rptr. at 383, 738 P.2d at 729. Rosenthal identifies no record of a disciplinary proceeding against him that was admitted at his hearing. He points to the findings of a bankruptcy court that were admitted over his objection, arguing that because they were findings they fall under § 6049.1. The findings were, however, admitted under a different statute, namely, Cal.Bus. & Prof.Code § 6049.2. *See Ro-*

*senthal I,* 43 Cal.3d at 633, 238 Cal.Rptr. at 391, 738 P.2d at 737. Rosenthal's challenge to that statute was rejected by the California Supreme Court because he was a party to all the underlying proceedings and had a full opportunity to cross-examine adverse witnesses there. *Id.* He does not challenge § 6049.2 here.

We reject Rosenthal's confrontation clause claim. The confrontation clause is a criminal law protection. Therefore, it does not apply to a disbarment case. In any event, we agree with the district court that Rosenthal has shown no "injury in fact," much less a "concrete and particularized one," flowing from application of § 6049.1, the statute he challenges in this action. He fails to meet even the threshold test of standing to raise this claim. *Duke Power Co. v. Carolina Environmental Study Group, Inc.,* 438 U.S. 59, 79–80, 98 S.Ct. 2620, 2633–34, 57 L.Ed.2d 595 (1978).

## III

■■■■ Rosenthal next argues that Chief Justice Lucas, who recused himself from Rosenthal's case in the California Supreme Court, violated Rosenthal's constitutional rights by nevertheless signing on behalf of the court an order denying Rosenthal's petition for rehearing. To the extent this was error, it was harmless, for the entire state supreme court affirmed its decision in a second order signed by Acting Chief Justice Arguelles five months later. The second order specified that the decision to deny Rosenthal's petition for rehearing was unopposed. Furthermore, even if the order signed by Chief Justice Lucas were void, *see Giometti v. Etienne,* 219 Cal. 687, 28 P.2d 913, 914 (1934), rehearing would automatically have been denied when the time for granting Rosenthal's petition expired on September 11, 1987.

Any injury to Rosenthal caused by Chief Justice Lucas' signing of the order was cured by the later order. But even if it were not, and the Chief Justice acted in excess of his jurisdiction, we agree with the district court that he remained immune from suit. A judge is immune from suit

under 42 U.S.C. § 1983 for acts in excess of his jurisdiction, so long as the acts themselves were judicial. *Stump v. Sparkman,* 435 U.S. 349, 355–57, 363 n. 12, 98 S.Ct. 1099, 1104–05, 1108 n. 12, 55 L.Ed.2d 331 (1978); *Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 351, 20 L.Ed. 646 (1871); *cf. Forrester v. White,* 484 U.S. 219, 108 S.Ct. 538, 544, 98 L.Ed.2d 555 (1988) (administrative functions not judicial acts); *Gregory v. Thompson,* 500 F.2d 59, 63–64 (9th Cir. 1974) (physical assault on person in courtroom not judicial act). The scope of a judge's jurisdiction will be construed broadly. *Stump,* 435 U.S. at 363, 98 S.Ct. at 1108. The signing of this order was manifestly a judicial act and this claim was properly dismissed.

## IV

■ Finally, Rosenthal argues that the state bar itself violated federal law in conducting his disbarment proceedings. This claim is grounded in the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 402, et seq., which requires a "labor organization" to provide a "full and fair hearing" before it may discipline or expel a member. 29 U.S.C. § 411(a)(5).

A "labor organization" is defined by the statute as either "the certified representative of employees" or an organization "recognized as acting as the representative of employees," 29 U.S.C. §§ 402(j)(1), (2), which "exists for the purpose, in whole or in part, of dealing with employers" 29 U.S.C. § 402(i). Such an organization must, among other things, report annually to the Secretary of Labor. 29 U.S.C. § 431.

Rosenthal argues that the state bar is a "labor organization" under the statute because it deals at least in part with "employers." He directs us to no case supporting his proposition and we are aware of none. The Supreme Court has recognized a "substantial analogy" between the California State Bar and a labor union for first amendment purposes. *See Keller v. State Bar of California,* — U.S. —, —, 110 S.Ct. 2228, 2233–35, 110 L.Ed.2d 1 (1990) (*Keller II*). This analogy does not establish that the bar association *is* a labor union. On the contrary, substantial differences remain. The California State Bar is created by state law "to regulate the State's legal profession" and "improv[e] the quality of legal services." *Id.* at — —, — —, 110 S.Ct. at 2228–31, 2235–37. A labor union is organized primarily to conduct collective bargaining with management, a benefit bar members do not enjoy. *Id.* at — —, 110 S.Ct. at 2233–37. *See also Lathrop v. Donohue,* 367 U.S. 820, 842–43, 848, 81 S.Ct. 1826, 1837–38, 1840, 6 L.Ed.2d 1191 (1961) (opinion of Brennan, J.); *id.* at 849, 81 S.Ct. at 1841 (Harlan, J., concurring) (noting similarities in legislative activities and public interest justifications).

Other federal courts have recognized that the two types of organizations raise similar membership and first amendment issues, but otherwise involve different areas of the law. *See Levine v. Heffernan,* 864 F.2d 457, 461 (7th Cir.1988) (district court was "forced to analogize the integrated bar to the union shop" which was "not ... the identical area of the law"), *cert. denied,* — U.S. —, 110 S.Ct. 204, 107 L.Ed.2d 157 (1989); *Gibson v. The Florida Bar,* 798 F.2d 1564, 1568 (11th Cir.1986); *Arrow v. Dow,* 544 F.Supp. 458, 460 (D.N.M.1982). State courts have come to the same conclusion. *See Falk v. State Bar of Michigan,* 418 Mich. 270, 342 N.W.2d 504, 514 (1983); *Sams v. Olah,* 225 Ga. 497, 169 S.E.2d 790, 799 (1969) (under state right to work act, state bar "is not a labor organization, the lawyer is not an employee, nor is the client an employer"); *In re Integrating the Bar,* 222 Ark. 35, 259 S.W.2d 144, 151 (1953) (bar does not represent lawyers regarding wages or working conditions "and bargains with no one").

In recommending disbarment, the bar association is not a private organization disciplining its members, but an "administrative arm" of the state Supreme Court designed to assist its decisionmaking. *See Chaney v. State Bar of Cal.,* 386 F.2d 962, 966 (9th Cir.1967). Final authority for disbarment rests not with the bar but with the state

Supreme Court. *Keller II*, —— U.S. at —— ———, 110 S.Ct. at 2233–35. For this and other reasons, the California state bar is established by the legislature, holds public meetings, and is governed at least in part by persons appointed by the governor who are not bar members. *See Keller v. State Bar of California*, 47 Cal.3d 1152, 255 Cal.Rptr. 542, 548, 767 P.2d 1020, 1026 (en banc) (*Keller I*), *rev'd on other grounds*, —— U.S. ——, 110 S.Ct. 2228, 110 L.Ed.2d 1 (1990). We conclude that in carrying out its statutory responsibilities regarding attorney discipline, the California State Bar is not a "labor organization" under the LMRDA.

 The district court also concluded that, to the extent Rosenthal challenges the fairness of the hearings, they have already been reviewed by the California Supreme Court. That court has concluded that the bar's recommendation was proper. Only the United States Supreme Court, and not this court, has jurisdiction to look behind that decision. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 482, 103 S.Ct. 1303, 1311, 1315, 75 L.Ed.2d 206 (1983); *Doe v. State Bar of California*, 415 F.Supp. 308, 312 (N.D.Cal.1976), *aff'd*, 582 F.2d 25 (9th Cir.1978).

V

We hold that the district court correctly dismissed Rosenthal's claims. The judgment of the district court is

AFFIRMED.