976 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Betsey Warren LEBBOS, Plaintiff-Appellant,
v.
John A ARGUELLES; Malcolm Lucas; Allen Broussard; Edward
Panelli; David N. Eagleson; Stanley Mosk;
Marcus Kaufman; California State Bar;
State Bar Court; L.J. Dewald,
Defendants-Appellees.
 No. 89-15764.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 13, 1992.*
Decided Sept. 23, 1992.
 
 1
 Before CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges, and MUECKE, District Court Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellant, Betsey Warren Lebbos, appeals the District Court's dismissal of her complaint for lack of subject matter jurisdiction. We affirm.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 4
 Plaintiff/Appellant Betsey Warren Lebbos is an attorney who was licensed to practice law in the State of California. Defendant/Appellees are the California State Bar, State Bar Court, Justices of the California Supreme Court and an appointed referee of the State Bar Court. On January 9, 1989, the California State Bar Court found Lebbos culpable of professional misconduct and recommended to the California Supreme Court that she be disbarred. On February 17, 1989, after reviewing the State Bar Court's findings, referee Deward placed Lebbos on inactive status finding her to be a danger to the public. On March 18, 1991, the California Supreme Court disbarred Lebbos. Lebbos v. State Bar, 53 Cal.3d 37, 278 Cal.Rptr. 845, 806 P.2d 317, cert. denied, --- U.S. ----, 112 S.Ct. 352, 116 L.Ed.2d 291 (1991). In August of 1991, Lebbos filed petitions for writ of certiorari in the United States Supreme Court in Betsey Warren Lebbos v. State Bar of California, No. 91-5542 and Robert Philip McNamee and Betsey Warren Lebbos v. the State Bar Court, et al., No. 91-355 challenging the constitutionality of the California Attorney regulatory system. On October 21, 1991, the United States Supreme Court denied both petitions. Id.
 
 
 5
 After Lebbos was placed on inactive status but before she was disbarred, Lebbos filed this action pursuant to 42 U.S.C. § 1983 in United States District Court for the Northern District of California challenging the constitutionality of the statutes that allowed the state bar of California to involuntarily place her on inactive status prior to a final determination of disbarment by the California Supreme Court. Plaintiff sought an injunction, damages for injury to her law practice and emotional distress and punitive damages. The defendants filed a motion to dismiss pursuant to Rules 8(a) and 12(b) of the Federal Rules of Civil Procedure. The District Court granted the motion finding that (1) it lacked subject matter jurisdiction to review the California Supreme Court's order relating to admission, discipline and disbarment of the members of its bar as such orders are reviewable only by the United States Supreme Court on certiorari to the state court and (2) to the extent that the petition was denied because the wrong form of relief was sought and the California Supreme Court had not made a final determination on plaintiff's claims it was required to abstain from exercising subject matter jurisdiction over Lebbos' claims.
 
 DISCUSSION
 I. Standard of Review
 
 6
 The district court's dismissal of a complaint is reviewed de novo. Abramson v. Brownstein, 897 F.2d 389, 391 (9th Cir.1990); Rosenthal v. Justices of the Supreme Court of California, 910 F.2d 561, 564 (9th Cir.1990), cert. denied, sub nom. Rosenthal v. Broussard, --- U.S. ----, 111 S.Ct. 963, 112 L.Ed.2d 1050 (1991). An order of dismissal should be affirmed on appeal if it is sustainable on any basis fairly supported by the record. City of Las Vegas v. Clark County, 755 F.2d 697, 701 (9th Cir.1985).
 
 
 7
 II. Did the district court err in determining it lacked jurisdiction to review the California Supreme Court decisions and that it must abstain from reviewing pending state court actions?
 
 
 8
 Orders of the state court relating to admission, discipline and disbarment of members of its bar may be reviewed only by the Supreme Court of the United States on certiorari to the state court, and not by means of an original action in a lower federal court. MacKay v. Nesbett, 412 F.2d 846 (9th Cir.1969), cert. denied, 396 U.S. 960, 90 S.Ct. 435, 24 L.Ed.2d 425 (1969). Thus, the district court lacks jurisdiction to review such matters.
 
 
 9
 As to Lebbos' constitutional challenge to the disciplinary rules, insofar as she seeks injunctive relief, the issue is rendered moot by Lebbos' formal disbarment by the California Supreme Court. See DeFunis v. Odegaard, 416 U.S. 312, 319-320 (1974) (challenge to admission policy of law school rendered moot when student in last quarter of law school at time of hearing and was no longer subject to admissions policy). Lebbos' complaint and appeal challenge only the procedures allowing the State Bar to put an attorney on involuntary inactive status pending final disbarment proceedings. Since Lebbos is no longer a California attorney she is no longer subject to this rule. Thus, her action for injunctive relief is moot.
 
 
 10
 Insofar as Lebbos' action seeks monetary damages, the district court is barred from exercising jurisdiction because all appellees enjoy immunity from suit for acts performed as an integral part of their duties.
 
 
 11
 First, the California State Bar, the State Bar Court and Deward act in a quasi-judicial capacity as an arm of the California Supreme Court. Cal. Const., art. VI, § 9; Cal.Bus. & Prof.Code § 6001. Thus, they are shielded by quasi-judicial immunity from liability arising from the performance of their duties which are an integral part of the judicial process. Ship v. Todd, 568 F.2d 133 (9th Cir.1978) (immunity for court clerk); Agnew v. Moody, 330 F.2d 868 (9th Cir.), cert. denied, 379 U.S. 967 (1964) (immunity for prosecuting attorneys); Duzynski v. Nosal, 324 F.2d 924 (7th Cir.1963) (immunity for court-appointed doctors serving as advisors to the court).
 
 
 12
 Second, as to the Justices of the California Supreme Court, Lebbos concedes in her opening brief that she does not seek monetary damages from the Justices. Nevertheless, insofar as the Justices promulgated the attorney disciplinary rules they acted in a legislative capacity and in that capacity the court and its members are immune from suit. Supreme Court of Virginia v. Consumers Union, 446 U.S. 719, 734 (1980). Insofar as the Justices acted in their adjudicatory or judicial capacity they are protected from suit by judicial immunity. See Forrester v. White, 484 U.S. 219, 226-27 (1988).
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.R. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable C.A. Muecke, Senior United States District Judge for the District of Arizona, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3