**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In Re: HENRY JAMES KOEHLER, | No. 11-56210 |
| In Re, | D.C. No. 2:11-mc-00125-ABC |
| HENRY JAMES KOEHLER, attorney disciplinary matter, | MEMORANDUM[*] |
| Appellant. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Submitted April 9, 2013[**]
Pasadena, California

Before: BERZON, TALLMAN and M. SMITH, Circuit Judges.

*Pro se* Appellant Henry James Koehler IV (Koehler) appeals the district

court's order of reciprocal disbarment, dated June 22, 2011, from the practice of

law before the United States District Court for the Central District of California.

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction over the district court's decision to impose reciprocal disbarment, *see In re Kramer*, 282 F.3d 721, 724 (9th Cir. 2002), and we affirm.

In 1977, 1992, and 1999, Koehler was disciplined by the California State Bar.[1]  As a result of the 1999 disciplinary action, the California Supreme Court issued an order suspending Koehler from the practice of law for 60 days.  In the fourth disciplinary action against Koehler, which is the proceeding at issue, the hearing judge recommended Koehler's disbarment.  On September 17, 2010, the Review Department found by clear and convincing evidence that Koehler had engaged in the unauthorized practice of law during his 60-day suspension, in violation of Cal. Bus. & Prof. Code §§ 6125, 6126, and 6068.  Specifically, the Review Department found that during his suspension in December 1999, Koehler wrote two letters to state court litigants in which he provided legal advice, strategy, and recommendations in a manner constituting the practice of law.  The Review Department applied standard 1.7(b) of the State Bar's Standards for Attorney Sanctions for Professional Misconduct, and found disbarment appropriate because Koehler (i) had violated a Supreme Court order, (ii) had three prior discipline records, and (iii) had failed to establish mitigation.  On February 2, 2011, the

---

[1] Details of Koehler's underlying misconduct are discussed in the September 17, 2010 opinion of the Review Department of the State Bar Court (Review Department).

2

California Supreme Court denied his petition for writ of review, and ordered him disbarred from the practice of law in California. The California Supreme Court later denied his petition for rehearing. On April 6, 2011, the Central District of California issued an order to show cause (OSC) as to why Koehler should not be reciprocally disbarred from that court. On May 6, 2011, Koehler filed a response, which the district court found unpersuasive.

"[A] federal court's imposition of reciprocal discipline on a member of its bar based on a state's disciplinary adjudication is proper unless an independent review of the record reveals: (1) a deprivation of due process; (2) insufficient proof of misconduct; or (3) grave injustice which would result from the imposition of such discipline." *Kramer*, 282 F.3d at 724 (citing *Selling v. Radford*, 243 U.S. 46, 50–51 (1917)); *see also* Local Rules 83-3.2.1, 83-3.2.3 (including the additional element of "other substantial reasons"). The attorney carries the burden, by "clear and convincing evidence," of showing that one of these elements precludes reciprocal discipline. *Kramer*, 282 F.3d at 724–25. Although this court may independently examine the state court disciplinary proceeding where, as here, it is offered as the ground for suspending or disbarring an attorney from practice before a federal court, *id.* at 723, we "must accord a presumption of correctness to the

3

state court factual findings," *In re Rosenthal*, 854 F.2d 1187, 1188 (9th Cir. 1988) (per curiam).

Here, the district court followed the procedural requirements for reciprocal disbarment by issuing an OSC, conducted an independent review of the state court record, and offered a reasoned explanation as to why Koehler had not shown any of the four elements under Local Rule 83-3.2.3. In his appellate brief, Koehler offers no coherent legal basis as to why the district court erred. He only states that "[t]he District Court failed to see this was a dummied-up prosecution," and cites to inapposite cases in a haphazard manner. Both the district court's and the Review Department's decisions were amply supported by the law. Nor does Koehler offer any basis for challenging the factual findings by the state court, which we presume to be true.

Moreover, our own independent review of the record accords with the district court's conclusions. We find that Koehler failed to meet his burden of showing (1) why his state disciplinary proceeding was "so lacking in notice or opportunity to be heard as to constitute a deprivation of due process," in light of the Review Department's thorough examination of the state court record; (2) whether there was an "infirmity of proof" establishing his misconduct, which was premised on the Review Department's analysis of the December 1999 letters—the

factual underpinnings of which he does not challenge; (3) why his reciprocal disbarment would result in "grave injustice," especially given his failure to present any mitigating evidence and history of disciplinary actions; and (4) whether there are any "other substantial reasons" to doubt the state court's conclusions. Local Rule 83-3.2.3; *see also Kramer*, 282 F.3d at 724. Accordingly, we affirm the district court.

**AFFIRMED.**