NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  KENNETH LANCE HADDIX, attorney disciplinary matter, _____ KENNETH LANCE HADDIX, attorney disciplinary matter, Appellant. | No.    16-56048 D.C. No. 2:16-ad-00095-GHK MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Submitted November 15, 2017**
Pasadena, California

Before:  NGUYEN and HURWITZ, Circuit Judges, and LOGAN,*** District Judge.

After the California Supreme Court disbarred Kenneth Haddix, the district

court imposed a reciprocal discipline of disbarment.  We affirm.

1.  "[A] federal court's imposition of reciprocal discipline on a member of its

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***        The Honorable Steven Paul Logan, United States District Judge for the District of Arizona, sitting by designation.

bar based on a state's disciplinary adjudication is proper unless an independent review of the record reveals: (1) a deprivation of due process; (2) insufficient proof of misconduct; or (3) grave injustice which would result from the imposition of such discipline." *In re Kramer*, 282 F.3d 721, 724 (9th Cir. 2002). Haddix was not denied due process in the state proceedings. He received notice of the charges against him and the opportunity to challenge them in the state bar court. *See In re Corrinet*, 645 F.3d 1141, 1145 (9th Cir. 2011). Haddix argues that the trial judge in the state bar proceeding was biased. But, the record indicates that the judge asked relevant questions about Haddix's disciplinary history, health conditions, and his knowledge of and compliance with various probation terms. Nothing in the record suggests bias.

2. There was sufficient proof in the state bar proceeding establishing Haddix's misconduct. He stipulated to facts establishing his probation violations. Haddix suggests the district court should have investigated his claim that he was falsely accused of the misconduct that gave rise to his probation. But, the district court properly declined to do so because it "would be drawn into an extensive inquiry requiring it to sit in review of a [state court] judgment." *In re Rosenthal*, 854 F.2d 1187, 1188 (9th Cir. 1988) (per curiam).

3. The reciprocal discipline does not cause a grave injustice. Haddix contends that his probation violations were the result of his ill health and that of his wife. But,

the state bar court considered this argument, finding that Haddix's probation violations largely predated any health problems, and that medical statements presented at trial fell short of establishing "a nexus between the violations and any prior health problems." These factual findings receive a "presumption of correctness." *In re Rosenthal*, 854 F.2d at 1188.

**AFFIRMED**.