## UNITED STATES v. FRANKFELD et al.

### Crim.A. No. 22322.

United States District Court
D. Maryland, Criminal Division.
April 24, 1953.

920

Bernard J. Flynn, U. S. Atty., Baltimore, Md., for plaintiff.

Harold C. Buchman, Baltimore, Md., for defendants.

CHESNUT, District Judge.

The defendants in this case have filed a motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., which provides that if the motion is based on newly discovered evidence it may be filed within two years after the final judgment in the case. Sentence and judgment in the above case was entered on April 4, 1952. There was no motion filed for a new trial but appeal was entered to the United States Court of Appeals for the Fourth Circuit where the judgment was affirmed July 31, 1952, 198 F.2d 679, and subsequently the Supreme Court of the United States denied certiorari, 344 U.S. 922, 73 S.Ct. 389. The defendants were indicted and convicted for conspiracy to violate the provisions of the Smith Act of Congress of June 28, 1940, 18 U.S.C.A. § 2385.

The motion for a new trial on the ground of newly discovered evidence now filed on March 30, 1953 is based on newly discovered evidence allegedly tending to impeach the credibility of two of the ten witnesses for the government at the trial of the case. The two witnesses referred to are Mary Stalcup Markward and Ralph W. Long. Mrs. Markward was for nine years a Communist for the Federal Bureau of Investigation. In 1943 at the request of the F. B. I. she joined the Communist Party in the District of Columbia and thereafter until shortly before giving her testimony in this case during March 1952, continued to be an active member of the Party and for several years held important official positions in the Party in Maryland and the District of Columbia which brought her into active and frequent contact at Party meetings and otherwise with all six defendants in the case.

There were two main issues of fact submitted to the jury under instructions of the court at the trial of the case. The first question was whether the Communist Party in the United States constituted a conspiracy to overthrow the government of the United States by force and violence when the time was opportune. The second question of fact, with respect to each of the defendants separately, was whether their membership in and official activities for the Communist Party showed that they were acting to carry out the program and objectives of the Party with knowledge of such aims and purposes. On the first issue of fact Mrs. Markward's testimony was merely cumulative to that of numerous other witnesses for the government. Her testimony also related particularly to the activities of the several defendants based on her personal knowledge according to her testimony.

After Mrs. Markward had testified in this case she was also called as a witness by the government in a similar prosecution in the Southern District of New York. At the request or demand of the defendants there a stipulation of counsel was filed with regard to compensation paid by the government from time to time to various witnesses in the case, which included a statement that from time to time during Mrs. Markward's nine years of service she had been paid an aggregate of $24,026.46, of which amount $147 was specified as expenses. It is this fact which constitutes the alleged newly discovered evidence in this case.

The motion for a new trial makes a charge with regard to Mrs. Markward's testimony in this case that her testimony "fostered the impression" that she had spied for the F. B. I. for patriotic reasons only and without regard to monetary motives and that her testimony in this respect was in

effect perjury and that if the jury had known the amount paid to her they would probably have disbelieved her testimony as to the activities of the several defendants. After re-reading the whole of her evidence in this case I find the charge now made to be without justification.

It affirmatively appears from her testimony that in 1943 she was requested by a member of the F. B. I. to become a Communist and keep them informed of the activities of the Communist Party and its officers and executives in this District, and that she would be paid for her services and expenses; that she was so paid from time to time; that she did not recall how much she had been paid; that the highest sum received by her at any one time from the F. B. I. was about $180; that she made reports to the F. B. I. from time to time but received no compensation for them as such; and that she was being paid by the government $25 a day for the time required for her testimony in this case.

It further appeared from her evidence that when her services first began she was engaged in conducting a beauty shop and that her husband was a bricklayer; that a year or so thereafter her husband went into the Military Service and she discontinued her beauty shop. While still engaged in the operation of the shop she employed her time in the evenings and on week-ends in Communist meetings and activities, and after she gave up the beauty shop she gave her whole time and attention to Communist Party meetings and activities for several years with the exception of an interval of some months on one or more occasions when she was ill; that when her husband returned from Military Service, at the suggestion of other members of the Communist Party, he also became a Communist. For many years she resided in Virginia some miles from Washington and, of course, had to travel daily to Washington in connection with her Communist membership and activities and attendance at meetings in Washington and elsewhere. For a part of the time she was secretary of the District Party.

It does appear in her evidence that the jury was told that she was paid for her services, that her services extended over a period of nine years, and that for nearly all of that period her only activity was in connection with the Communist Party matters and that she apparently had no other source of income for living, traveling and other expenses than what she was receiving from the government and for a while a salary of $20 a week for her services as secretary of the District Committee of the Communist Party. The total amount of compensation that she received from the government for this period of nine years of service does not seem large or extensive or inconsistent with the view that her personal motivation for accepting and performing such services was patriotic in its dominant nature; and certainly I find nothing in her evidence to constitute a basis for charging her with perjury. Probably very few if any qualified persons would be willing to accept such an assignment unless actuated largely by patriotic motives.

It is also important to note, so far as I recall the evidence at the trial, the defendants submitted no evidence contrary to her testimony with regard to the activities of the several defendants; and there is now no newly discovered evidence advanced to contradict her testimony in this respect. As to the activities of the six defendants concerning whom she testified, only one, Meyers, testified on behalf of the defendants and he refused to answer questions as to the activities of one of the defendants specifically and generally with respect to the membership of the District Committee on which most, if not all, of the defendants served as members.

The same attack that is now made on the credibility of Mrs. Markward has recently previously been made in a case of a somewhat similar nature pending in the United States District Court for the District of Columbia, United States v. Richardson, Criminal No. 1645–51.[1] In that case a motion for a new trial was made by the defendant on the same ground that is here advanced and based on the same alleged newly discovered evidence. For the reasons stated in an extended opinion of 11

1. See 113 F.Supp.

pages the motion was overruled by District Judge Kirkland on February 12, 1953.

In the recent case of Brownell, Attorney General, v. The Communist Party, pending before the Subversive Activities Control Board, Docket No. 51–101, referred to in the motion for a new trial in the present case, Mrs. Markward had also been a witness. On November 24, 1952, after she had testified in the New York case above referred to, a motion was filed by the Communist Party in the case before the Board, to re-open the case and to permit the respondent to introduce evidence to show that Mrs. Markward had testified falsely and perjuriously in the proceeding with regard to payments for her services and the amount of such payments. In support of the motion the respondent submitted an affidavit of its attorney containing a copy of the stipulation referred to in the New York case regarding payments made by the United States to Mrs. Markward. On February 24, 1953, B. Campbell Brown, Chairman of the Board, filed a typewritten opinion overruling the motion in which, with respect to the testimony of Mrs. Markward, it was said:

"We conclude that the grant of respondent's motion would not affect the result of this proceeding. We also conclude that the pertinent portions of the testimony of the witness, when viewed in context, reveal no basis for respondent's charge of perjury. Respondent has made similar reckless charges against other of petitioner's witnesses throughout this proceeding."

The criticism now made of the testimony of the witness Long is based solely on the alleged newly discovered fact that on three occasions prior to the giving of his testimony in this case he was fined in North Carolina, where he lived, for being drunk. Two of these occasions were in 1949 and one in 1951. On one occasion he was fined $5; on another $10; and in another $20, and on one occasion after giving his testimony in this case he was fined $40 for the same cause. Apparently all the fines were paid. On this basis the charge is now made that he was an "alcoholic" and therefore his testimony was not worthy of belief by the jury. This evidence is no doubt a criticism of his reputation for sobriety but not necessarily of his veracity especially as his testimony with respect to the program, objectives and intent of the Communist Party was cumulative to that of numerous other witnesses, and there is no new evidence now submitted in contradiction of the facts to which he had testified and which, as I recall his testimony, was based on his personal knowledge.

In the perspective of the whole evidence in this case the charges now made against these two witnesses seem unsubstantial if not trivial as a basis for granting a new trial more than a year after the verdict of the jury.

In addition to the lack of substance in the alleged newly discovered evidence, there are other reasons in the applicable law with respect to the granting of new trials for newly discovered evidence which are sufficient to defeat the motion. In discussing the sufficiency of newly discovered evidence to warrant the grant of a new trial under rule 33 of the Federal Rules of Criminal Procedure, Barron, Fed.Practice and Procedure, Vol. 4, § 2282, the applicable rules are succinctly summarized as follows:

"A motion based on newly discovered evidence must disclose (1) that the evidence is newly discovered and was unknown to the defendant at the time of trial, (2) that the evidence is material, not merely cumulative or impeaching, (3) that it will probably produce an acquittal, and (4) that failure to learn of the evidence was due to no lack of diligence on the part of the defendant."

The newly discovered evidence now relied on does not meet some of these requirements. It appears that it was not known to counsel for the defendants at the trial but it does not sufficiently appear that the evidence as to Mrs. Markward could not have been learned by them at the time by due diligence. She testified on March

19, 1952, and the verdict was not rendered by the jury until April 1, 1952. If the total amount of her compensation from the government had been thought material to the case it could doubtless have been obtained by counsel upon application to the United States Attorney or the Attorney General before the conclusion of the trial, at it was subsequently obtained with regard to her testimony in the New York case. No motion for a new trial was filed before the sentence was imposed. Appeal was noted on April 4, 1952. Under the present rule 33 the motion could have been filed in this court even though the appeal was pending. The New York stipulation as to Mrs. Markward's total compensation was filed in the New York case on November 13, 1952, and the new evidence as to the witness Long was apparently given in the New York case about the same time. The motion for a new trial was not filed here until March 30, 1953. It does not appear that counsel for the defendants has exercised the due diligence required with regard to promptly filing the motion based on newly discovered evidence.

Nor does the newly discovered evidence now offered tend reasonably to indicate that if given at the trial it would probably have produced an acquittal. Heald v. United States, 10 Cir., 175 F.2d 878; United States v. Johnson, 7 Cir., 142 F.2d 588, certiorari dismissed 323 U.S. 806, 65 S.Ct. 264, 89 L.Ed. 643; Brandon v. United States, 9 Cir., 190 F.2d 175. And the character of the newly discovered evidence is at most only of an impeaching nature as to the general credibility of a witness without specific contradiction of the facts to which his or her testimony related. Thompson v. United States, 88 U.S.App. D.C. 235, 188 F.2d 652. I would not be disposed to strictly apply these general principles as to the sufficiency of newly discovered evidence in this case if the facts with regard to the evidence stated in the motion were of themselves substantial in the perspective of the case as a whole or if they indicated that any injustice had been done to the defendants by the verdict of the jury on the evidence at the trial considered as a whole.

For the reasons stated the motion for a new trial should be and it is hereby *overruled.*