**Matter of Maurice Louis BRAVERMAN.**
**Misc. No. 32.**

United States District Court
D. Maryland.

Jan. 10, 1957.

Harold Buchman, Baltimore, Md., for respondent.

v. Robinson, D.C., 71 F.Supp. 9, 10; Orfield, Criminal Procedure from Arrest to Appeal, 438.

Howard H. Conaway and Charles E. Orth, Jr., Baltimore, Md., for Bar Ass'n of Baltimore City, amicus curiae.

Before THOMSEN, Chief Judge, and R. DORSEY WATKINS, District Judge.

THOMSEN, Chief Judge.

On April 1, 1952, respondent, a member of the bar of this court, was convicted in this court of conspiring to violate Section 2 of the Smith Act, 18 U.S.C.A. § 2385; he was sentenced to pay a fine of $1,000 and to be imprisoned for a period of three years. The prison sentence has been served. Respondent's conviction was affirmed by the Fourth Circuit, sub. nom. Frankfeld v. United States, 198 F.2d 679. Certiorari was denied 344 U,S. 922, 73 S.Ct. 389, 97 L.Ed. 710, rehearing denied 345 U.S. 913, 73 S.Ct. 652, 97 L.Ed. 1348.

On June 28, 1955, following a hearing, respondent was disbarred from the practice of law by the Supreme Bench of Baltimore City.

On January 12, 1956, this court entered an order requiring respondent to show cause why his name should not be stricken from the roll of attorneys admitted to practice before this court. An appeal by respondent from the disbarment order of the Supreme Bench was then pending in the Court of Appeals of Maryland. Alleging that "while the outcome of the appeal would not be binding upon this Court, it would be highly persuasive with respect to the Court's action herein", respondent requested a postponement of the proceedings herein "until the outcome of the said cause in the Court of Appeals of Maryland". That request was granted, upon the assurance of counsel for respondent that he would not attempt to practice in this court in the meantime.

The Court of Appeals of Maryland has now affirmed the disbarment order entered by the Supreme Bench, Braverman v. Bar Association, 209 Md. 328, 121 A.2d 473, and the Supreme Court has denied certiorari, 352 U.S. 830, 77 S.Ct. 44, 1 L.Ed.2d 51.

Respondent contends that his trial and conviction revealed no misconduct that warrants his disbarment; he also raises a number of other points which were answered by Judge Chesnut in his opinion denying respondent's motion for a new trial under Rule 33, Fed.Rules Crim.Proc., 18 U.S.C.A., United States v. Frankfeld, D.C., 111 F.Supp. 919, affirmed, 4 Cir., 207 F.2d 413, and by the Fourth Circuit and the Court of Appeals of Maryland in the opinions cited above.

█ This court has inherent power to disbar for cause any lawyer practicing before it. In re Fletcher, 4 Cir., 221 F.2d 477. Conviction of a felony is ground for disbarment in the courts of the United States. Ex parte Wall, 107 U.S. 265, 2 S.Ct. 569, 27 L.Ed. 552. The crime of which respondent was convicted is a felony under federal law. 18 U.S.C.A. § 1; 18 U.S.C.A. § 2385. The propriety of the conviction cannot be reviewed in this proceeding. In re Tinkoff, 7 Cir., 101 F.2d 341; In re Welanskey, 319 Mass. 205, 65 N.E.2d 202. "There is no vested right in an individual to practice law. Rather there is a right in the Court to protect itself, and hence society, as an instrument of justice. That to the individual disbarred there is a loss of status is incidental to the purpose of the Court and cannot deter the Court from its duty to strike from its rolls one who has engaged in conduct inconsistent with the standard expected of officers of the Court." In re Isserman, 345 U.S. 286, 289, 73 S.Ct. 676, 677, 97 L.Ed. 1013.

█ We cannot agree with respondent's contention that his trial and conviction revealed no misconduct that warrants his disbarment. Not only was the crime of which he was convicted a felony, it involved moral turpitude; and it involved a violation of the first undertaking of the oath which respondent took when he was admitted to practice as an attorney of this court: "I will support the Constitution of the United States".

We will enter an order striking the name of respondent from the roll of attorneys admitted to practice before this court.