**In the Matter of Guy Hamilton JONES, Sr., Appellant.**

**No. 74–1510.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1974.

Decided Dec. 9, 1974.

Phil Stratton, Conway, Ark., for appellant.

Phillip Carroll, Little Rock, Ark., for appellee.

Before GIBSON, Chief Judge, CLARK, Associate Justice,* and WEBSTER, Circuit Judge.

PER CURIAM.

Appellant, Guy Hamilton Jones, Sr., was convicted on December 8, 1972, by a jury in the United States District Court for the Eastern District of Arkansas on four counts of making and subscribing false income tax returns for the years 1965 and 1966 in violation of 26 U.S.C. §§ 7201 and 7206(1). On April 3, 1973, he was sentenced on Count I to pay a fine of $5000, but "the imposition of sentence as to imprisonment only" was suspended and he was placed on probation for three years. Imposition of prison sentence on Counts II, III, and IV was likewise suspended, and he was placed on probation for a period of three

years to run concurrently with the probationary period imposed on Count I.

On April 24, 1973, the Chief Judge of the Eastern District, but not the judge who presided at the trial of Jones, wrote the Clerk of the Eastern District, instructing him to strike Jones' name from the list of attorneys authorized to practice in the District under Rule 1(f) of that Court which provided that anyone convicted of a felony "shall ipso facto be disbarred." A year thereafter, Jones moved the Court to recall, rescind, or revoke its letter to the Clerk on the ground that no notice was given Jones and no hearing was afforded him. On May 1, 1974, the Court gave notice that a hearing would be had on May 2 "relevant to the validity" of Rule 1(f) as well as to "the validity of its application to" Jones. At this hearing Jones contended that the want of provision in the Rule for notice renders the rule invalid as lacking due process, and that there was no final judgment in the criminal tax case because the "suspension of imposition of sentence is not a final appealable order." Jones admitted "that he was indicted, that he was tried, that he was found guilty."

It is elementary that a fundamental requirement of due process is notice that apprises the interested parties of the pendency of the action and affords them an opportunity to present their objections. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The same principle applies to disbarment proceedings. In re Ruffalo, 390 U.S. 544, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968); Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 20 L.Ed. 646 (1871); Ex Parte Garland, 71 U.S. (4 Wall.) 333, 18 L.Ed. 366 (1866). Rule 1(f) does not provide for any notice and is, therefore, deficient. Of course, disbarment may be premised upon a felony conviction, see Ex Parte Wall, 107 U.S. 265, 273, 2 S.Ct. 569, 27 L.Ed. 552 (1882),

* Associate Justice Tom C. Clark, United States Supreme Court, Retired, sitting by designation.

and it may appear superfluous to require notice in such circumstances, especially where the conviction was had in the same court or before the same judge; nevertheless, questions of identity, finality, mitigation and the like may be foreclosed by summary action. Due process, therefore, requires the issuance of a show cause order or similar notice affording the accused the right to appear and be heard.

In this case, however, we note that notice was subsequently given on Jones' application, and a hearing was held. At this hearing Jones admitted his indictment, trial, and conviction of a felony but argued that, since the imposition of his sentence was suspended, the judgment was not of such finality as to constitute a conviction. This contention is frivolous on its face, since a $5000 fine was imposed under Count I. Moreover, the suspension of jail sentence on all of the Counts would not in our view operate to remove the conviction from the operation of the Rule.

At argument here, Jones contended that he was deprived of his right to present mitigating circumstances, and other matters to the trial court. As we read the record, the trial judge not only opened up the merits in his notice but, during the hearing, reemphasized that "this is a hearing on the merits." Jones brought forward no evidence of mitigation or other defense. The Court, therefore, continued the disbarment which under the circumstances of the case was entirely justified, since Jones was a highly placed legislative official of the State of Arkansas who had been convicted of cheating on his income tax for two successive years. He had rendered himself unfit to practice law.

Nevertheless, in light of his claim of being deprived of a full hearing, we remand the case with instructions that Jones be permitted to present any evidence of mitigation, etc., that he desires. In the event the trial judge feels, after such a hearing, that the mitigating circumstances are so compelling that dis-

barment was not appropriate, he may then amend his judgment by ordering suspension or such other penalty as is deemed appropriate under the circumstances.

It is so ordered.