May 19, 1993 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 92-2341

 IN RE: ANDREW A. BUCCI,
 Petitioner, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF RHODE ISLAND

 [Hon. Ronald R. Lagueux, U.S. District Judge]
 

 

 Before

 Breyer, Chief Judge,
 
 Torruella and Cyr, Circuit Judges.
 

 

 Andrew A. Bucci on brief pro se.
 

 

 

 Per Curiam. The appellant, Andrew A. Bucci, is an
 

attorney in Rhode Island. In 1976, Bucci was convicted of

making false declarations in a federal court, in violation of

18 U.S.C. 1623(a), and of conspiracy to present false

testimony, in violation of 18 U.S.C. 371. Following the

conviction, the Rhode Island Supreme Court suspended Bucci

from practice in that state's courts for two years, after

which he would become eligible to apply for reinstatement.

 Before Bucci became eligible for reinstatement, however,

he was convicted of practicing law without a license (that

is, while under suspension), in violation of R.I.Gen.Laws 

11-27-10, and sentenced to a six-month prison term.

Following that conviction, in 1982, the Rhode Island Supreme

Court disbarred Bucci. Bucci was reinstated to the Rhode

Island bar in 1987.

 During the period 1977-1982, the Local Rules of the

United States District Court for the District of Rhode Island

authorized that court to take disciplinary action against

attorneys who were convicted of crimes of moral turpitude,

but the Rules required a hearing and a vote of the judges

before sanctions could be imposed. The district court took

no such affirmative disciplinary action against Bucci

following either of his convictions. However, in 1984, the

district court adopted Local Rule 4(e)(4), which provides:

 An attorney who is suspended or disbarred from
 practice by the highest Court of the State in which

 -2-

 he/she practices . . . shall be suspended from
 practicing before this Court. . . .

 Both the district court and Bucci appear to accept the

proposition that Rule 4(e)(4), upon its adoption, operated to

automatically suspend Bucci from practice before the district

court by virtue of his previous disbarment by the state

court.

 In 1988, Bucci applied for readmission to the bar of the

district court. He renewed the application in 1990. The

district court held a hearing, at which Bucci appeared before

all three active judges. The judges then decided that

Bucci's "petition for readmission to the bar of this Court

should be denied because of the nature and seriousness of the

offenses which [he] committed." The judges expressed "the

opinion that any lawyer who has been convicted of a crime of

dishonesty should be permanently barred from practice in this

Court." The district court denied Bucci's request for

reconsideration and entered a judgment, and this appeal

followed. We affirm.

 Bucci argues that the Rhode Island Supreme Court's

decision to reinstate him in 1987 required the district court

to follow suit. We disagree. Local Rule 4(e)(4) does not,

by its terms, create a door that must swing both ways. The

rule allowed the district court to follow the Rhode Island

Court's lead by disbarring Bucci automatically following his

disbarment in the state court, but it did not require the

 -3-

district court to accept as dispositive the Rhode Island

Court's assessment of Bucci's rehabilitation and current

fitness to practice law. Rather, the district court was

entitled to make its own judgment in that regard -- a

judgment that we can review only for abuse of discretion.

See In re Grievance Committee of United States District
 

Court, 847 F.2d 57, 61 (2d Cir. 1988); In re Evans, 801 F.2d
 

703, 706 (4th Cir. 1986); Standing Committee on Discipline v.
 

Ross, 735 F.2d 1168, 1172 (9th Cir. 1984). 
 

 Given the "nature and seriousness" of Bucci's criminal

offenses, we see no abuse of discretion here. The district

court had good reason to doubt Bucci's character. Bucci's

federal crimes -- making false declarations in a federal

court, and conspiring to do so -- were felonies. See 18
 

U.S.C. 371 (penalty for conspiracy is not more than five

years imprisonment); 18 U.S.C. 1623(a) (penalty for making

false declarations is not more than five years imprisonment);

18 U.S.C. 1(1) (any offense punishable by more than one

year in prison is a felony). Permanent disbarment may be

premised upon a felony conviction. Ex Parte Wall, 107 U.S.
 

265, 273 (1883); In re Jones, 506 F.2d 527, 528 (8th Cir.
 

1974); In re Braverman, 148 F.Supp. 56, 57 (D.Md. 1957).
 

 Bucci's state crime -- practicing law without a license

-- was a misdemeanor. See R.I.Gen.Laws 11-27-14 (maximum
 

prison term of six months); 11-1-2 (defining misdemeanor

 -4-

and felony). However, the crime was directly related to, and

highly probative of, his fitness to practice law honestly and

ethically. See Ex Parte Wall, 107 U.S. at 273. And,
 

disbarment is an appropriate sanction for a lawyer who

commits a misdemeanor "which imports fraud or dishonesty."

 The district court obviated any potential due process

concerns by affording Bucci a hearing before deciding not to

readmit him to its bar.

 Affirmed.
 

 -5-