993 F.2d 1530
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
IN RE: Andrew A. BUCCI, Petitioner, Appellant.
 No. 92-2341.
 United States Court of Appeals,
First Circuit.
 May 19, 1993
 
 Appeal from the United States District Court for the District of Rhode Island
 Andrew A. Bucci on brief pro se.
 D.R.I.
 AFFIRMED.
 Before Breyer, Chief Judge, Torruella and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 The appellant, Andrew A. Bucci, is an attorney in Rhode Island. In 1976, Bucci was convicted of making false declarations in a federal court, in violation of 18 U.S.C. § 1623(a), and of conspiracy to present false testimony, in violation of 18 U.S.C. § 371. Following the conviction, the Rhode Island Supreme Court suspended Bucci from practice in that state's courts for two years, after which he would become eligible to apply for reinstatement.
 
 
 2
 Before Bucci became eligible for reinstatement, however, he was convicted of practicing law without a license (that is, while under suspension), in violation of R.I.Gen.Laws § 11-27-10, and sentenced to a six-month prison term. Following that conviction, in 1982, the Rhode Island Supreme Court disbarred Bucci. Bucci was reinstated to the Rhode Island bar in 1987.
 
 
 3
 During the period 1977-1982, the Local Rules of the United States District Court for the District of Rhode Island authorized that court to take disciplinary action against attorneys who were convicted of crimes of moral turpitude, but the Rules required a hearing and a vote of the judges before sanctions could be imposed. The district court took no such affirmative disciplinary action against Bucci following either of his convictions. However, in 1984, the district court adopted Local Rule 4(e)(4), which provides:
 
 
 4
 An attorney who is suspended or disbarred from practice by the highest Court of the State in which he/she practices ... shall be suspended from practicing before this Court.
 
 
 5
 ...
 
 
 6
 Both the district court and Bucci appear to accept the proposition that Rule 4(e)(4), upon its adoption, operated to automatically suspend Bucci from practice before the district court by virtue of his previous disbarment by the state court.
 
 
 7
 In 1988, Bucci applied for readmission to the bar of the district court. He renewed the application in 1990. The district court held a hearing, at which Bucci appeared before all three active judges. The judges then decided that Bucci's "petition for readmission to the bar of this Court should be denied because of the nature and seriousness of the offenses which [he] committed." The judges expressed "the opinion that any lawyer who has been convicted of a crime of dishonesty should be permanently barred from practice in this Court." The district court denied Bucci's request for reconsideration and entered a judgment, and this appeal followed. We affirm.
 
 
 8
 Bucci argues that the Rhode Island Supreme Court's decision to reinstate him in 1987 required the district court to follow suit. We disagree. Local Rule 4(e)(4) does not, by its terms, create a door that must swing both ways. The rule allowed the district court to follow the Rhode Island Court's lead by disbarring Bucci automatically following his disbarment in the state court, but it did not require the district court to accept as dispositive the Rhode Island Court's assessment of Bucci's rehabilitation and current fitness to practice law. Rather, the district court was entitled to make its own judgment in that regard-a judgment that we can review only for abuse of discretion. See In re Grievance Committee of United States District Court, 847 F.2d 57, 61 (2d Cir. 1988); In re Evans, 801 F.2d 703, 706 (4th Cir. 1986); Standing Committee on Discipline v. Ross, 735 F.2d 1168, 1172 (9th Cir. 1984).
 
 
 9
 Given the "nature and seriousness" of Bucci's criminal offenses, we see no abuse of discretion here. The district court had good reason to doubt Bucci's character. Bucci's federal crimes-making false declarations in a federal court, and conspiring to do so-were felonies. See 18 U.S.C. § 371 (penalty for conspiracy is not more than five years imprisonment); 18 U.S.C. § 1623(a) (penalty for making false declarations is not more than five years imprisonment); 18 U.S.C. § 1(1) (any offense punishable by more than one year in prison is a felony). Permanent disbarment may be premised upon a felony conviction. Ex Parte Wall, 107 U.S. 265, 273 (1883); In re Jones, 506 F.2d 527, 528 (8th Cir. 1974); In re Braverman, 148 F.Supp. 56, 57 (D.Md. 1957).
 
 
 10
 Bucci's state crime-practicing law without a license-was a misdemeanor. See R.I.Gen.Laws § 11-27-14 (maximum prison term of six months); § 11-1-2 (defining misdemeanor and felony). However, the crime was directly related to, and highly probative of, his fitness to practice law honestly and ethically. See Ex Parte Wall, 107 U.S. at 273. And, disbarment is an appropriate sanction for a lawyer who commits a misdemeanor "which imports fraud or dishonesty."
 
 
 11
 The district court obviated any potential due process concerns by affording Bucci a hearing before deciding not to readmit him to its bar.
 
 
 12
 Affirmed.