**In re Steven KRAMER, Petitioner–Appellant.**

**No. 98–56919.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 16, 1999.[1]

Filed Oct. 12, 1999.

---

1. The panel finds this case appropriate for submission without oral argument pursuant  to Fed. R.App. P. 34(a)(2).

Steven M. Kramer, Beverly Hills, California, representing himself.

Before: REINHARDT and HAWKINS, Circuit Judges, and WHYTE,[2] District Judge.

MICHAEL DALY HAWKINS, Circuit Judge:

Steven Kramer ("Kramer") appeals the order removing his name from the roll of those authorized to appear in the Central District of California. On September 25, 1998, the Supreme Court of the State of New York Appellate Division, First Judicial Department ("New York Court"), notified the Central District that it had recently disbarred Kramer for numerous ethical violations committed in New York and New Jersey. Pursuant to its local rule 1.9, the district court then issued an order disbarring Kramer. Local Rule 1.9 provides:

> Upon receipt of reliable information that a member of the Bar of this Court ... has been (1) suspended or disbarred from the practice of law by the order of any United States Court, or by the Bar, Supreme Court, or other governing authority of any State ..., this Court shall immediately impose an order of suspension or disbarment. This Court's order of suspension or disbarment shall be filed by the Chief Judge without the necessity of any notice to the affected attorney or any hearing....

Kramer's main contention is that this rule fails to provide due process.

■ There is little question but that district courts have the authority to supervise and discipline the conduct of attorneys who appear before them. *See In re Hoare*, 155 F.3d 937, 940 (8th Cir.1998); *Erickson v. Newmar Corp.*, 87 F.3d 298,

300 (9th Cir.1996). This includes the "inherent authority to suspend or disbar lawyers." *See In re Snyder*, 472 U.S. 634, 643, 105 S.Ct. 2874, 86 L.Ed.2d 504 (1985). Such power, however, must be exercised within the parameters of due process. *See, e.g., In re Ruffalo*, 390 U.S. 544, 550, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968); *Partington v. Gedan*, 961 F.2d 852, 865 (9th Cir.1992); *Rosenthal v. Justices of the Supreme Court of California*, 910 F.2d 561, 564–65 (9th Cir.1990); *Clark v. State of Washington*, 366 F.2d 678, 680 (9th Cir.1966); *In Re Los Angeles County Pioneer Society*, 217 F.2d 190, 193–94 (9th Cir.1954).

■ It is not uncommon that district courts generally impose discipline on members of their bar who are disciplined in another jurisdiction. *See In Re Hoare*, 155 F.3d 937, 940 (8th Cir.1998). Nevertheless, a state court's disciplinary action is not conclusively binding on federal courts. *See Theard v. United States*, 354 U.S. 278, 281–82, 77 S.Ct. 1274, 1 L.Ed.2d 1342 (1957) ("The short of it is that disbarment by federal courts does not automatically flow from disbarment by state courts."); *Selling v. Radford*, 243 U.S. 46, 50–51, 37 S.Ct. 377, 61 L.Ed. 585 (1917); *see also In Re Attorney Discipline Matter*, 98 F.3d 1082, 1086 (8th Cir.1996).

■ The Supreme Court has addressed this issue, albeit some time ago. In *Selling v. Radford*, 243 U.S. 46, 50–51, 37 S.Ct. 377, 61 L.Ed. 585 (1917), the Court held that a federal court could impose reciprocal discipline on a member of its bar based on a state's disciplinary adjudication, if an independent review of the record reveals: (1) no deprivation of due process; (2) sufficient proof of misconduct; and (3) no grave injustice would result from the imposition of such discipline. Thus, while federal courts generally lack subject matter jurisdiction to review the state court decisions, *see D.C. Court of Appeals v. Feld-*

---

**2.** The Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

*man,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923), a federal court may "examine a state court disciplinary proceeding if the state court's order is offered as the basis for suspending or disbarring an attorney from practice before a federal court." *MacKay v. Nesbett,* 412 F.2d 846, 847 (9th Cir.1969) (citing *Theard v. United States,* 354 U.S. at 281–82, 77 S.Ct. 1274).[3]

■ From the sparse record available to us here, it does not appear that the district court, prior to disbarring him, gave Kramer any notice, conducted any hearing or issued him an order to show cause. There is also no evidence that the district court engaged in an independent review of the New York court's record. Instead, Kramer's disbarment appears to have been based solely on the New York court's order.

The due process requirements established by *Selling* mean that, at a minimum, the district court should issue an order to show cause to Kramer and, unless he concedes that the action of the New York courts satisfies *Selling* and its progeny, the district court should review the state court record. *Cf. In Re Thies,* 662 F.2d 771, 772 (D.C.Cir.1980); *In Re Jones,* 506 F.2d 527, 528–29 (8th Cir.1974). Because there is no evidence before us that such an inquiry occurred, the district court's order is REVERSED and this matter is REMANDED to the district court for proceedings consistent with this opinion.

---

**3.** "Although this court must examine the record to determine whether any of the *Selling* infirmities exist, the court must accord a presumption of correctness to the state court factual findings." *In re Rosenthal,* 854 F.2d 1187, 1188 (9th Cir.1988) (citation omitted).