In re: **Joseph Leib SHALANT,**
California State Bar
# 40303,

**Joseph Leib Shalant, Appellant.**

No. 07–56222.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 17, 2008.

Filed Jan. 8, 2009.

Robert S. Gerstein, Esquire, Law Office of Robert S. Gerstein, Los Angeles, CA, for Appellant.

Joseph Leib Shalant, Pacific Palisades, CA, pro se.

Before: BRIGHT,* TROTT, and HAWKINS, Circuit Judges.

## MEMORANDUM **

The district court has disbarred Joseph L. Shalant from practicing law in the Central District of California following Shalant's previous disbarment in 2006 from practicing law in the state of California. Shalant appeals the district court's order of federal court disbarment, asserting that the order of disbarment lacked due pro-

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

cess and, therefore, he seeks to continue to practice law in the federal courts. We affirm the federal district court's disbarment ruling.

## I. BACKGROUND

Shalant's state disbarment resulted from his representation of a medical malpractice client. Prior to this case, Shalant had been disciplined four times since his 1967 admission to the California Bar. The Office of the Chief Trial Counsel of the State Bar of California initiated this proceeding against Shalant by filing a two-count Notice of Disciplinary Charges in September of 2002.

Following a hearing, the State Bar Court Hearing Department found Shalant culpable, by clear and convincing evidence, of entering into an agreement for, charging, or collecting an illegal or unconscionable fee in violation of Rule 4–200(A) of the Rules of Professional Conduct and committing acts of moral turpitude in violation of Cal. Bus. & Prof.Code § 6146. The Hearing Department recommended that Shalant be suspended from the practice of law for five years, but that his suspension be stayed to place Shalant on probation with certain conditions.

Shalant appealed to a three-judge panel of the Review Department of the State Bar, which found him culpable. However, the panel did not adopt the hearing judge's disciplinary recommendation, but instead changed the recommendation to disbar Shalant so as to adequately protect the public and the courts.[1]

1. Shalant incurred this risk of complete disbarment by his appeal to the Review Department of the State Bar.

Shalant petitioned the California Supreme Court for review of the disbarment recommendation. The California Supreme Court rejected his petition and sustained Shalant's disbarment.

Upon learning of the state court disbarment, the district court commenced these proceedings by an order to Shalant to show cause why he should not be disbarred in the federal district court. The district court ultimately upheld the disbarment and Shalant timely appealed.[2]

## II. ANALYSIS

■ On appeal, Shalant argues that he did not violate the Medical Injury Compensation Reform Act ("MICRA")[3] in his fee arrangement. However, the California Bar found a violation, basing its decision on *Yates v. Shore,* 229 Cal.App.3d 583, 280 Cal.Rptr. 316 (Cal.Ct.App.1991). Under *Yates,* Shalant obtained an illegal fee from the client, which included a $25,000 flat fee and a statutory maximum contingent fee. This fee collection violated section 6146 of MICRA. Also, this interpretation of MICRA by the California courts binds the federal courts. Based on the analysis in *Yates,* Shalant illegally overcharged his client.

Furthermore, the moral turpitude findings in the California proceeding receive support from the record, which indicates that Shalant coerced his client. Shalant demanded $25,000 in addition to the initial $5,000 agreed upon by his client. This demand occurred three business days before a deposition and shortly before the client's scheduled departure for medical treatment in a distant city. Shalant implicitly threatened to withdraw from the case if he did not receive the additional payment.

■ Finally, Shalant claims that the district court denied him due process. The district court provided Shalant a full hearing and fully reviewed the record from the California proceedings. Moreover, the federal district court gave Shalant adequate notice of the proceedings and an opportunity to present his defense. Shalant's allegation of lack of due process therefore lacks merit. *See In re Kramer,* 193 F.3d 1131, 1133 (9th Cir.1999) ("[A]t a minimum, the district court should issue an order to show cause to [the attorney] and ... the district court should review the state court record.").

## III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's order disbarring Shalant from the practice of law in the federal court for the Central District of California.

---

2. We have examined the record and appellant's brief, but there is no respondent in this appeal.

3. MICRA modified various sections of the California Code. The MICRA fee provision at issue in this case is codified at Cal. Bus. & Prof.Code § 6146.