**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: JOHN R. SCANNELL, Esquire, | No. 10-35197 |
| JOHN R. SCANNELL, Esquire, | D.C. No. 74-cv-01234-SUP |
| Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted November 4, 2010
Seattle, Washington

Before: B. FLETCHER and BYBEE, Circuit Judges, and WILKEN, District
Judge.[**]

In November 2009, the Washington State Supreme Court suspended John

Scannell from the practice of law. Thereafter, the federal district court for the

Western District of Washington issued an order imposing reciprocal discipline on

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Claudia Wilken, United States District Judge for the
Northern District of California, sitting by designation.

Scannell, temporarily suspending him from practice.[1]  Scannell appeals, arguing that the district court erred in issuing its order of reciprocal suspension.

The facts underlying Scannell's suspension and ultimate disbarment for misconduct are known to the parties and need not be repeated here.  A brief recitation of the procedural history of this matter, however, is helpful.  The Washington State Bar Association initiated two separate investigations arising from complaints against Scannell for alleged misconduct.  Scannell refused to cooperate by declining to furnish requested information.  Consequently, the Washington State Bar Association filed a formal complaint against Scannell, alleging four counts of misconduct in contravention of various Rules of Professional Conduct.

Following lengthy delays caused by Scannell, a disciplinary hearing finally was held over a four-day period.  Scannell was present and able to participate fully. The Hearing Officer entered his Findings of Fact, Conclusions of Law, and Recommended Sanction, concluding that Scannell had, in fact, violated various Rules of Professional Conduct.  After hearing argument from both Scannell and the Hearing Officer, and reviewing the Hearing Officer's findings, the Disciplinary Board unanimously concluded that Scannell should be disbarred.  The Washington

---

[1] Scannell has since been disbarred by the Washington State Supreme Court.

State Bar Association then submitted its Petition for Interim Suspension to the Washington State Supreme Court. The Court granted the petition for suspension. Subsequently, the Washington State Bar Association issued a Notice of Interim Suspension to the federal district court of the Western District of Washington.

Upon receipt thereof, the district court issued an Order to Show Cause why reciprocal discipline should not be imposed; Scannell filed a response. The district court concluded that reciprocal discipline was warranted, and ordered Scannell temporarily suspended from the practice of law in the federal district court for the Western District of Washington effective immediately and continuing until all pending disciplinary proceedings against Scannell had been resolved.

A state court's disciplinary action is not conclusively binding on federal courts. *In re Kramer*, 193 F.3d 1131, 1132 (9th Cir. 1999) (citing *Theard v. United States*, 354 U.S. 278, 281–82 (1957)). Rather, a federal court may impose reciprocal discipline on a member of its bar based on a state's disciplinary adjudication if an independent review of the record reveals: (1) no deprivation of due process; (2) sufficient proof of misconduct; and (3) that no grave injustice would result from the imposition of such discipline. *Id.* (citing *Selling v. Radford*, 243 U.S. 46, 50–51 (1917)). Although the federal courts generally lack subject matter jurisdiction to review state court decisions, *see D.C. Court of Appeals v.*

*Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923), a federal court may nevertheless "examine a state court disciplinary proceeding if the state court's order is offered as the basis for suspending or disbarring an attorney from practice before a federal court." *Kramer*, 193 F.3d at 1132–33 (citing *MacKay v. Nesbett*, 412 F.2d 846, 846–47 (9th Cir. 1969)). While this court independently may examine the state court record, it "must accord a presumption of correctness to the state court factual findings." *In re Rosenthal*, 854 F.2d 1187, 1188 (9th Cir. 1988) (per curiam).

Here, the district court gave Scannell notice and an opportunity to file a written response as to why reciprocal discipline ought not be imposed. Scannell did so. The district court reviewed Scannell's written submission and concluded that a presumption of correctness of the reciprocal discipline applied to Scannell's case. The district court then evaluated the *Selling* factors, and concluded that "none of the elements for declining to apply reciprocal discipline are present in this case."

After our independent review of the record and application of the *Selling* factors, we conclude that the district court did not err in its findings. The extensive record before us demonstrates that the Disciplinary Board afforded Scannell multiple opportunities to be heard. Instead of taking any of these opportunities and

4

fulfilling his professional obligations to answer to the charges of misconduct, Scannell engaged in a prolonged pattern of obstruction and delay arguably designed to thwart the Washington State Bar Association's investigations. The record is replete with evidence of misconduct meriting sanction. We conclude that no injustice, grave or otherwise, would result from the imposition of reciprocal discipline.

For these reasons, the district court's order imposing reciprocal discipline is **AFFIRMED**.