**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: JOHN R. SCANNELL, WSBA 31035, | No. 11-35021 |
| | D.C. No. 2:10-rd-00005-JLR |
| JOHN R. SCANNELL, | MEMORANDUM[*] |
| Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted August 4, 2011[**]
Seattle, Washington

Before: SCHROEDER and M. SMITH, Circuit Judges, and BENITEZ, District
Judge.[***]

John R. Scannell appeals the district court's Order dated December 2, 2010,

disbarring him from the practice of law before the United States District Court for

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Roger T. Benitez, United States District Judge for the
Southern District of California, sitting by designation.

the Western District of Washington. The underlying misconduct which led the district court to impose such discipline is well-chronicled in the Supreme Court of Washington's opinion disbarring Scannell from practice in that State, *see In re Scannell*, 239 P.3d 332 (Wash. 2010), and we have considered at least one prior disciplinary appeal by Scannell, *see In re Scannell*, 411 F. App'x 110 (9th Cir. Jan. 21, 2011) (affirming district court's decision to impose reciprocal suspension). We have jurisdiction over the district court's decision to impose reciprocal disbarment, *see In re Kramer*, 282 F.3d 721, 724 (9th Cir. 2002), and we affirm.

"[A] federal court's imposition of reciprocal discipline on a member of its bar based on a state's disciplinary adjudication is proper unless an independent review of the record reveals: (1) a deprivation of due process; (2) insufficient proof of misconduct; or (3) grave injustice which would result from the imposition of such discipline." *Kramer*, 282 F.3d at 724; *see also* Local Rules W.D. Wash. GR 2(f)(6) (setting forth reciprocal discipline procedures). "[I]t is the [] attorney's burden to demonstrate, by clear and convincing evidence, that one of the[se] [] elements precludes reciprocal discipline." *Kramer*, 282 F.3d at 725.

Scannell provides us no basis to question the district court's interpretation or application of its Local Rules on attorney conduct in this case. Rather, the record reveals that the Supreme Court of Washington afforded Scannell ample notice and

2

repeated opportunities to be heard prior to conducting an independent review of the facts and disbarring him. *See, e.g.*, *Scannell,* 238 P.3d at 337–38 (detailing proceedings before the Supreme Court). Responding to Scannell's objections to the findings of a hearing officer, the Supreme Court engaged in an independent review of the record to ensure its adequacy. *Id.* at 339 ("The record clearly supports this finding. Scannell's attempts to avoid subpoenae revealed his intent to delay and frustrate the proceedings."). Finally, Scannell has not identified any injustice that would befall him as a result of his disbarment due to his refusal to cooperate with the bar association's investigation of him. *See Kramer*, 282 F.3d at 727–28 ("In reviewing a reciprocal disbarment, we do not re-try an attorney for misconduct . . ., [rather] we inquire only whether the punishment imposed by another disciplinary authority or court was so ill-fitted to an attorney's adjudicated misconduct that reciprocal disbarment would result in grave injustice."). As the district court noted, instead of cooperating with the bar investigation and fulfilling his professional obligations to answer to the charges of misconduct, Scannell obstructed and delayed the investigation and engaged in vexatious tactics to prevent the uncovering of his own wrongdoing.

We have previously determined that the district court's imposition of reciprocal discipline against Scannell was appropriate, *see Scannell* 411 F. App'x

3

at 112, and we believe the record warrants doing so again. None of Scannell's myriad arguments undermine the District Judge's well-reasoned decision to impose reciprocal disbarment. Accordingly, the Order of the district court is **AFFIRMED.**