NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1264
_____

In Re: MICHELE M. SIMMSPARRIS

_____

On Appeal from the United States District Court
for the District of New Jersey
D.C. Miscellaneous No. 10-mc-00115
(Honorable Robert B. Kugler)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 13, 2011

Before:  SLOVITER, SCIRICA and SMITH, *Circuit Judges*.

(Filed: October 6, 2011)
_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

Michele M. SimmsParris appeals from an order suspending her from the practice

of law in the United States District Court for the District of New Jersey.

On April 14, 2010, the New Jersey Office of Attorney Ethics submitted a petition

for emergent relief to the Supreme Court of New Jersey seeking the temporary

suspension of SimmsParris from the practice of law. The Office submitted evidence

demonstrating that SimmsParris had misappropriated client funds, refused to submit client files during its misconduct investigation, made misrepresentations to the court, and refused to submit to the jurisdiction of the court. On May 4th, 2010, the Supreme Court of New Jersey issued an order temporarily suspending SimmsParris from the practice of law, restraining the disbursement of funds in her trust and business accounts, and requiring the transfer of those funds to the Clerk of the Supreme Court. A copy of the Order was filed with the United States District Court for the District of New Jersey on June 14, 2010.

The District Court responded on December 7, 2010, by issuing an order to show cause why SimmsParris should not be suspended from the practice of law before the District Court. On January 5, 2011, after reviewing Appellant's written submissions, the court ordered SimmsParris temporarily suspended.

In reciprocal disciplinary proceedings, district courts review the state record "for consistency with the requirements of due process, adequacy of proof and absence of any indication that imposing discipline would result in grave injustice." *In re Surrick*, 338 F.3d 224, 231 (3d Cir. 2003) (quoting *In re Jacobs*, 44 F.3d 84, 88 (2d Cir. 1994)). The attorney subject to discipline bears the burden of demonstrating "by clear and convincing evidence" the presence of a serious infirmity in the state proceeding. *Id.* at 232 (quoting *In re Kramer*, 282 F.3d 721, 724-25 (9th Cir.2002)). "We review district courts' decisions regarding the regulation of attorneys who appear before them for abuse of discretion." *Id.* at 229 (citation omitted).

SimmsParris's principal claim is that she was never the subject of a state disciplinary proceeding. Accordingly, she argues, the District Court could not possibly have reviewed state disciplinary proceedings for a serious infirmity.[1]

Appellant's claim lacks merit. Under the New Jersey Rules of Court, a temporary suspension is permissible where an attorney fails to cooperate with an ethics investigation, R. 1:20-3(g)(4), or an attorney's conduct poses a substantial threat of serious harm to an attorney, a client, or the public. R. 1:20-11(a). The temporary suspension proceeding is initiated in a motion filed by the Office of Attorney Ethics. R. 1:20-3(g)(4); R. 1:20-11(b). Upon review of the evidence submitted in support of this motion and rebuttal evidence, if any, the Supreme Court may issue an order temporarily suspending the attorney, pending final disposition of a disciplinary proceeding or further order of the court. R. 1:20-3(g)(4); R. 1:20-11(c). Here, both the motion initiating the disciplinary proceeding with supporting evidence and the Supreme Court's Order of

---

[1] SimmsParris has advanced this argument elsewhere without success. In an action for injunctive relief and monetary damages against the New Jersey officials involved in her temporary suspension, the District Court rejected SimmsParris's argument that there was no disciplinary proceeding against her and abstained from hearing the matter while the state proceeding was ongoing. *SimmsParris v. Neary*, 2011 U.S. Dist. LEXIS 65493 (D.N.J. June 20, 2011); *SimmsParris v. Neary,* Civ. No. 10-5492 (FLW) (D.N.J Aug. 15, 2011). And, in a lawsuit brought by SimmsParris against Amy Maldonado, her former partner in the now dissolved law firm of SimmsParris Maldonado Tehauno, LLP., the District Court found SimmsParris's claim that she was never the subject of a disciplinary matter before the Supreme Court of New Jersey "wholly lacks merit." *SimmsParris v. Maldonado*, Civ. No. 10-4395 (FSH) (PS) (D.N.J. Sept. 14, 2011). It is worth noting that in *Maldonado* the District Court dismissed SimmsParris's complaint with prejudice for a "pattern of misconduct . . . similar to the conduct which led to her suspensions," including her failure to comply with court orders requiring her to produce documents and failure to appear at a hearing regarding her repeated discovery violations. *SimmsParris v. Maldonado*, 2011 U.S. Dist. LEXIS 70679 (D.N.J. June 29, 2011).

temporary suspension for failure to cooperate with the ethics investigation were in the record. Accordingly, appellant's central contention—that there was no record of a disciplinary proceeding for the District Court to review—is incorrect. The District Court properly carried out its role in reviewing the state court proceeding.[2]

Indeed, the record supports the District Court's conclusion that SimmsParris failed to establish serious infirmities in the state proceeding. SimmsParris contends the state deprived her of due process by providing inadequate notice and failing to hold a hearing regarding her temporary suspension. But the Office of Attorney Ethics served the disciplinary petition at an office address—which the record shows she used at least until 2009—and her home address.[3] That SimmsParris shows a third address where she received correspondence from the Office does not establish deficient notice. Likewise, SimmsParris fails to demonstrate that the lack of a hearing regarding her interim suspension amounts to a due process violation. Here, the temporary suspension was issued because SimmsParris did not cooperate in an ongoing ethics investigation. An interim suspension of a professional license pending final disposition does not require a pre-suspension hearing. *See Barry v. Barchi*, 443 U.S. 55, 65-66 (1979). The record does

---

[2] SimmsParris suggests that the District Court violated due process in failing to hold a hearing. But the requirements of due process were satisfied when the court issued its Order to Show Cause and conducted an independent review of the record. *See, e.g.*, *In re Surrick*, 338 F.3d 224, 231 (3d Cir. 2003); *In re Kramer*, 193 F.3d 1131 (9th Cir. 1999). She further claims the local procedural rules required the court to notify her of the date and time of a hearing. But that requirement only applies "[i]f oral argument is to be heard." D.N.J. L. Civ. R. 78.1(b). SimmsParris did not request oral argument and no oral argument was ordered by the court.

[3] We note SimmsParris submitted only the first page of a letter in which the Office describes its efforts to notify her of the petition for temporary suspension.

4

not establish that SimmsParris sought a hearing in the ongoing state disciplinary proceedings. Instead of participating in those proceedings, SimmsParris filed a motion in the Supreme Court of New Jersey disparaging the deputy ethics counsel who filed the petition for temporary suspension and asking the court to vacate its suspension Order.

Finally, SimmsParris contends the District Court did not follow its own local procedural rules when it failed to include a copy of the state disciplinary Order with its Order to Show Cause and failed to designate thirty days from the day of service for her response. *See* D.N.J. L. Civ. R. 104.1(b)(2). Even if it was error, any deviation from the local District rules was harmless. SimmsParris had ample notice of the basis for the District Court's proceedings against her. The District Court found SimmsParris had notice of the New Jersey temporary suspension at least six months before it issued its Order to Show Cause. Moreover, the District Court's Order to Show Cause specifically referred to the temporary suspension Order of the Supreme Court of New Jersey. Similarly, SimmsParris was not prejudiced by the District Court's failure to designate thirty days to respond. In a footnote to her timely response, SimmsParris noted this deviation from the local District rules but did not request more time nor suggest that additional time would have altered her response.

We conclude that the District Court did not abuse its discretion in imposing reciprocal discipline.

5