**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In Re: DAVID ANTHONY HARPER, | No. 12-56936 |
| Appellant. | D.C. No. 2:12-mc-00002-ABC |
| | MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Submitted November 18, 2014[**]

Before:     LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

David Anthony Harper appeals pro se from the district court's order

imposing reciprocal discipline on him on the basis of his suspension from the

Florida State Bar by the Florida Supreme Court.  We have jurisdiction under

28 U.S.C. § 1291.  We review for an abuse of discretion, *In re Corrinet*, 645 F.3d

1141, 1145 (9th Cir. 2011), and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument and therefore denies Harper's request for oral argument, set
forth in his opening brief.  *See* Fed. R. App. P. 34(a)(2).

The district court did not abuse its discretion in imposing reciprocal discipline against Harper because he failed to establish by clear and convincing evidence that he was deprived of due process, that there was insufficient proof of the misconduct that led to his suspension from the bar, or that grave injustice would result from the imposition of reciprocal discipline. *See In re Kramer*, 282 F.3d 721, 724-25 (9th Cir. 2002) (setting forth the limited circumstances under which an attorney subject to discipline by another court can avoid a federal court's imposition of reciprocal discipline, and setting forth attorney's burden of proof); *see also In re Kramer*, 193 F.3d 1131, 1133 n.3 (9th Cir. 1999) (although due process requires that the district court conduct an independent review of the state court record, "the [district] court must accord a presumption of correctness to the state court factual findings" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Harper's April 3, 2012 motion for reconsideration because Harper failed to establish a basis warranting reconsideration. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth the standard of review and grounds for reconsideration under Fed. R. Civ. P. 59(e) or 60(b)).

We lack jurisdiction to consider the district court's order denying Harper's October 5, 2012 motion for reconsideration because Harper failed to file an

amended or separate notice of appeal.  *See Whitaker v. Garcetti*, 486 F.3d 572, 585 (9th Cir. 2007); *see also* Fed. R. App. P. 4(a)(4)(B)(ii).

We reject Harper's contention that the district court violated his due process rights when imposing reciprocal discipline because the district court proceedings met due process requirements.  *See In re Kramer*, 193 F.3d at 1133 (due process provided when district court issues an order to show cause to the respondent attorney and reviews the state record).

**AFFIRMED.**